(May 17, 1955.)

■

HELEN SCHNEE, an Infant, by STANLEY SCHNEE, Her Guardian ad Litem, Respondent, v. CITY OF NEW YORK, Appellant.

*Per Curiam.* Defendant City of New York appeals from an order granting an infant's application to file a notice of claim against it after expiration of the ninety-day period prescribed by section 50-e of the General Municipal Law.

On December 10, 1953, it is alleged, the claimant, then nearly twenty years of age, tripped over a broken sidewalk in New York City, injuring her knee. Shortly thereafter, she was married and, not thinking much of the injury, went on a honeymoon trip. Upon her return, the knee was treated. Six months later, after she experienced more pain, the knee was X-rayed and surgery was advised. She went to Illinois for the operation and then returned to her New York home. The instant application, made on December 6, 1954, followed.

It is contended by the infant claimant, that, although the ninety-day period has elapsed, the court, under the statute, has discretion to permit a late filing of the notice of claim. We do not agree.

The statute provides: "Where the claimant is an infant * * * and by reason of such disability fails to serve a notice of claim * * * within the time limited therefor, * * * the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of [ninety days after the claim arises]." (General Municipal Law, § 50-e, subd. 5. Matter in brackets added.)

It is clear from this language, and the authorities which interpret it, that infancy itself is insufficient to enlarge the ninety-day period. Before the discretionary power to enlarge should be invoked on the ground of infancy, there should be a cognizable relation between the fact of infancy and the failure to file within the short statutory time limitation. (*Matter of Nori* v. *City of Yonkers,* 274 App. Div. 545, affd. 300 N. Y. 632; *Matter of Natoli* v. *Board of Educ. of City of Norwich,* 277 App. Div. 915, affd. 303 N. Y. 646; *Matter of Hogan* v. *City of Cohoes,* 279 App. Div. 282; *Biancoviso* v. *City of New York,* 285 App. Div. 320.)

Here, at the time of the accident, the infant was a mature girl of almost twenty years, who, within a matter of days, undertook the responsibilities of marriage. The only reasons assigned for her failure to file a notice of claim within the ninety-day period are "I did not think much of the injury, thinking that same would heal and I would not be incapacitated and that I would not be required to bring a law suit to recover damages for such injuries." Her ignorance of the scope of the injury is not shown to have resulted from immaturity. Under these circumstances, therefore, the failure to comply with the statute cannot be said to be "by reason" of her infancy.

Accordingly, the order should be reversed as a matter of discretion, and the motion denied, with $20 costs and disbursements of this appeal to appellant.

Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ., concur.

Order unanimously reversed as a matter of discretion, with $20 costs and disbursements to the appellant. and the motion denied.