■ In the Matter of JOSEPH R. ADAMS, an Infant, by ROBERT W. ADAMS, His Father, Respondent, v. CITY OF NEW YORK, Appellant.— Order, entered on April 7, 1964, granting claimant's motion to permit him to file a late notice of claim against the City of New York, pursuant to the provisions of subdivision 5 of section 50-e of the General Municipal Law, unanimously reversed, on the law and the facts, and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the application denied. Subdivision 5 of section 50-e of the General Municipal Law permits the court, in its discretion, to extend the time to file a notice of claim where, among other things, the claimant is an infant " and by reason of such disability fails to serve a notice of claim within the time specified". Infancy, in itself, is not sufficient. There must be " a cognizable relation between the fact of infancy and the failure to file within the short statutory time limitation." (*Schnee* v. *City of New York*, 285 App. Div. 1130, affd. 1 N Y 2d 697; see, also, *Matter of Cohan* v. *City of New York*, 23 A D 2d 554.) Here, as in the *Schnee* and *Cohan* cases, the infant claimant was over 20 years old. The failure to file a timely notice of claim in this case is not predicated on claimant's infancy but on concurrence in a suggestion by claimant's father that the filing of such a claim might jeopardize claimant's chances of being appointed to the police force. Considering claimant's age, this may properly be construed as a deliberate decision by claimant not to file a notice and is hardly an adequate excuse to invoke the provisions of subdivision 5 of section 50-e of the General Municipal Law. In sum, the delay was not related to claimant's infancy. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER MAZZELLA, Appellant.— Appeal from order, entered on November 13, 1962, denying defendant's motion for a free copy of certain court records, unanimously dismissed. No appeal lies from such an order. (See *People* v. *Finney*, 20 A D 2d 661.) Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.