■ In the Matter of LORRAINE SMITH, an Infant, by Her Mother, ALICE SMITH, Respondent, et al., Petitioner, v. MEADOWBROOK HOSPITAL et al., Appellants.— Appeal from so much of an order of the Supreme Court, Nassau County, entered October 22, 1968, as granted permission to respondent, the infant claimant, to serve her notice of claim upon appellants. Order affirmed insofar as appealed from, without costs. No opinion. Brennan, Acting P. J., Hopkins, Benjamin and Martuscello, JJ., concur; Munder, J., dissents and votes to reverse the order insofar as appealed from and to deny permission to respondent to serve her notice of claim, with the following memorandum: In my opinion, the

failure to serve a notice of claim within the 90-day period prescribed by section 50-e of the General Municipal Law was not in any way attributable to the infant's (Lorraine Smith) disability and therefore Special Term abused its discretion in granting leave for the infant to serve a late notice of claim. Here the infant cut her finger in November, 1967, approximately two months short of her 18th birthday. She was treated immediately at Meadowbrook Hospital and was told to return for further treatment in six days. She never returned, but instead, after the 90-day period to file her notice of claim had expired, went to an independent physician who allegedly told her the treatment rendered at Meadowbrook Hospital was negligent. The infant offered no affidavit from this independent physician, contending she was reluctant to divulge his name in view of the difficulty in getting medical proof in malpractice cases. From the record, it appears that the reason for the infant's delay in seeking medical treatment (and consequently the reason for her failure to file timely notice) was her desire to minimize the seriousness of the injury. In view of the applicant's age and the acknowledged maturity and educational level implied thereby (see Hopkins, Formulation of Rules: A Preliminary Theory of Decision, 35 Brooklyn L. Rev. 165, 168–169), and the fact the injury here was in no way disabling, the statutory requirements should be strictly enforced (*Matter of Nori* v. *City of Yonkers*, 274 App. Div. 545, affd. 300 N. Y. 632; see, also, *Matter of Harden* v. *Village of Akron*, 32 A D 2d 610; *Schnee* v. *City of New York*, 285 App. Div. 1130, affd. 1 N Y 2d 697; *Matter of Bosh* v. *Board of Educ. of City of N. Y.*, 282 App. Div. 887).