■ In the Matter of DAVID E. PERRY, an Infant, by His Mother and Natural Guardian, VERNA PERRY, Respondent, v. BOARD OF EDUCATION OF THE CITY OF LACKAWANNA et al., Appellants.— Order affirmed, without costs. Memorandum: While service of respondent's claim on the City of Lackawanna instead of on the Board of Education thereof was due to misinformation given by his mother to the attorney employed by her on respondent's behalf, and to the attorney's failure to effect service on the proper municipal corporation, it was also attributable in some degree to the disability and limitations incident to respondent's infancy which prevented him from ascertaining that Lincoln Junior High School where he was injured was operated by appellant (*Matter of Esslie* v. *Central School Dist. No. 1,* 20 A D 2d 748; *Matter of Klee* v. *Board of Coop. Educational Servs.,* 25 A D 2d 715). It is patent that a 12-year-old infant does not have the capacity to protect his interests when he sustains injuries while carrying on his school activities. (*Matter of Brooks* v. *Rensselaer County,* 34 A D 2d 708.) Under the circumstances of this case we cannot say that Special Term abused its discretion in allowing plaintiff to serve a notice of claim after the expiration of the statutory period. All concur, except Marsh, J., who dissents and votes to reverse and deny the motion, in the following Memorandum: Plaintiff-respondent, a 12-year-old infant, failed to serve within the statutory period a notice of claim against the Board of Education of the City of Lackawanna for damages resulting from personal injuries suffered while working in a shop at the Lincoln Junior High School owned and controlled by the defendant-appellant Board of Education. Counsel, retained 35 days after the injury, caused a notice of claim to be timely served on the City of Lackawanna, but failed to effect service on the Board of Education, alleging in an affidavit submitted on the motion herein that he had no knowledge that the City of Lackawanna had a Board of Education existing as a separate corporate entity. To invoke the court's discretionary power under section 50-e of the General Municipal Law to enlarge the 90-day period on the ground of infancy, some cognizable relation between the fact of infancy and the failure to file a claim within the statutory time limitation must be demonstrated. (See *Schnee* v. *City of New York,* 285 App. Div. 1130, affd. 1 N Y 2d 697; *Anderson* v. *County of Nassau,* 31 A D 2d 761; *Matter of Borowski* v. *Town of Clarence,* 19 A D 2d 580.) No showing is made of any significant omission or misstatement of fact by the infant or his mother concerning the injury and the place of its occurrence which might reasonably have affected counsel's judgment in his designation of the corporate party defendant to whom notice was to be given. Any error on the part of counsel in making such designation cannot be related to plaintiff's infancy or be held to have occurred "by reason of" the disability of infancy. (See *Matter of Shankman* v. *New York City Housing Auth.,* 21 A D 2d 968, affd. 16 N Y 2d 500; cf. *Matter of Klee* v. *Board of Coop. Educational Servs.,* 25 A D 2d 715.) (Appeal from order of Erie Special Term granting motion to serve notice of claim.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.