■ In the Matter of JACKIE H. STOWE, Respondent, v. CITY OF ELMIRA et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered July 28, 1971 in Chemung County, which granted respondent leave to serve a notice of claim upon appellants subsequent to the expiration of 90 days after the alleged claim arose, pursuant to subdivision 5 of section 50-e of the General Municipal Law. Respondent, a high school graduate born not later than September 7, 1950 and employed by a large chain, asserts a claim for assault and false arrest and imprisonment against the City of Elmira and two of its patrolmen allegedly arising on February 25, 1971. On May 1, 1971 he retained an attorney in said city who sent him a letter, dated May 12, 1971, asking him to contact the latter at his earliest convenience. Respondent did not receive the letter until May 19 or 20, since it was misplaced and forgotten by his mother. After receipt, he states he "was just sitting around * * * had company * * * the weather was nice so I usually go fishing when I have time off, I go fishing most of the time", that "at that time I had other things to do and I was with people" and that it "just slipped my mind". When the attorney sent a letter dated May 24, 1971 asking that an appointment be made as soon as possible, respondent went to the attorney's office on May 28, 1971 and signed a claim form, a copy of which was served that day on the city. Respondent's proof in his moving papers and at a hearing, held by Special Term, was insufficient to invoke the court's discretionary power to enlarge the 90-day period on the ground of infancy because they show no cognizable relation between the infancy, which had almost run its course, and the failure to file a claim within the statutory time limitation (*Matter of Borowski* v. *Town of Clarence, N. Y.,* 19 A D 2d 580). Said failure appears to have arisen from sheer neglect or inadvertence of the infant rather than his immaturity (cf. *Schnee* v. *City of New York,* 285 App. Div. 1130, affd. 1 N Y 2d 697). Order reversed, on the law and the facts, and motion denied, without costs. Cooke, Sweeney and Kane, JJ., concur; Staley, Jr., J. P. and Greenblott, J., dissent and vote to affirm in a memorandum by Greenblott, J. Subdivision 5 of section 50-e of the General Municipal Law is to be liberally applied (*Matter of Brooks* v. *Rensselaer County,* 34 A D 2d 708). The claim was here filed only two days beyond the requisite period, appellant had actual notice at the time the claim arose and the application for permission to serve and file a late notice of claim

was made a short time after the expiration of the 90-day time limitation. There was sufficient evidence here for the court, in exercising its discretion subsequent to a hearing, to find that a cognizable relation existed between respondent's failure to file within the short time limitation and the fact of his immaturity. We should not therefore say that Special Term abused its discretion in allowing respondent, because of his infancy, to file late. We therefore dissent.