In the Matter of WILLIAM CRUME, an Infant, by GREGG CRUME, His Parent and Natural Guardian, et al., Appellants, *v.* CLARENCE CENTRAL SCHOOL DISTRICT No. 1, Respondent.

Fourth Department, March 4, 1974.

*A. Grant Denn* for appellants.

*Frank R. Valone* (*Joseph Ginsburg* of counsel), for respondent.

WITMER, J. P. Petitioners, father and infant son, appeal from the order of Special Term denying their application under subdivision 5 of section 50-e of the General Municipal Law for permission to file late notice of claims.

It is alleged that on October 20, 1971 William Crume, then nine years of age, was injured because of the negligence of the respondent School District. It appears that the infant's father retained an attorney to handle both the infant's and the father's claims for damages arising from those injuries, and on October 26, 1971 the attorney wrote a letter to the principal of the Park Elementary School, where the infant was injured, advising of the child's injury and that the attorney was representing him and the father in making claims against the school for damages by reason of those injuries. The attorney failed to serve a notice of claims as required under secton 50-e of the General Municipal Law. Two or three days after the accident the school nurse called the infant's parents about his absence from school and was told about the injuries. On November 4, 1971 respondent school district filed a report of the accident with its insurance carrier; and on November 18 a representative of the insurance carrier talked with petitioners' attorney about the claims of negligence, in light of respondent's accident report. In April, 1972, over five months after the accident, petitioners

instituted this proceeding, returnable on April 25, 1972, for permission to file late notice of claims. It appears that the application was not heard until September 5, 1972, and the order denying it was entered on October 16, 1972. Special Term seems to have rested its decision upon *Matter of Murray* v. *City of New York* (30 N Y 2d 113), inferring therefrom that the determination lay in its own discretion.

Subdivision 5 of section 50-e of the General Municipal Law provides in part, '' The court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in subdivision one of this section in the following cases: (1) Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified ''. In view of the facts that the father had retained an attorney to represent himself and the infant with respect to the claims arising from such injuries and that it was the attorney's default which resulted in the failure of the infant to file a timely notice of claim, the question in this case is whether the failure to file within the statutory period was by reason of the infancy disability.

This question has been considered in all four of the Judicial Departments of this State. Prior to *Matter of Murray* v. *City of New York* (30 N Y 2d 113, *supra*) the First Department generally held that when an attorney had been retained in behalf of the infant before the expiration of the time for filing notice of claim, the failure to file in due time was not related to infancy (*Santiago* v. *Board of Educ. of City of N. Y.*, 41 A D 2d 616; and see *Matter of Murray* v. *City of New York*, 30 N Y 2d 113, 116-117, *supra*). Since Murray, however, the First Department has held that in the case of a young infant the fact of infancy alone may raise a presumption that the failure to file was by reason of the infancy (*Matter of Potter* v. *Board of Educ. of City of N. Y.*, 43 A D 2d 248). For years the other three departments have generally held that in these circumstances the failure to file would be presumed to be by reason of the infancy (see Second Department: *Matter of Spencer* v. *New York City Tr. Auth.*, 39 A D 2d 581 and *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951; Third Department: *Lampman* v. *Cairo Cent. School Dist.*, 40 A D 2d 734; *Matter of Brooks* v. *Rensselaer County*, 34 A D 2d 708; and Fourth Department: *Matter of Crugnale* v. *City of Niagara Falls*, 40 A D 2d 626; *Matter of Reynolds* v. *Greece Cent. School Dist.*, 36 A D 2d 1020; *Chao* v. *Westhill Cent. School Dist.*, 35

A D 2d 1071; *Matter of Perry v. Board of Educ. of City of Lackawanna*, 34 A D 2d 1089; *Matter of Andrzejewski v. Board of Co-op. Educational Servs.*, 34 A D 2d 881).

We note, especially, that the infant in the instant case did not participate in the selection of an attorney to present his claim, and were it not for infancy he might have retained an attorney who would have filed notice of claim within due time. Under the statute there is no reason to charge this young infant with the act of his parent. Clearly, had no attorney represented the infant in this case prior to his application for an order permitting late filing of claim, the statute would authorize the court to grant the application (*Matter of Tashjian v. Central School Dist. No. 5*, 38 A D 2d 1006; *Matter of Ridley v. New York City Tr. Auth.*, 38 A D 2d 973).

Thus, it has long been the holding in this Department that where an attorney was timely employed to represent a young infant but failed to file notice of claim within the statutory period provided therefor, there was "a cognizable relation between the infancy and the failure to file a notice within 90 days (*Matter of Andrzejewski v. Board of Co-op. Educational Servs.*, 34 A D 2d 881, *supra*).

In *Matter of Murray v. City of New York* (30 N Y 2d 113, 119-120, *supra*) the court unanimously held that the foregoing is a permissible and reasonable interpretation of the statute as applied to such facts. The holding was largely based upon the concept that the scope of the reviewing power of the Court of Appeals is limited to questions of law, and that the interpretation of facts under the statute is within the sound discretion of the respective Appellate Divisions. Special Term's interpretation of *Murray* (*supra*), as placing the exercise of such discretion in it, is only partially correct. If each Special Term were at liberty to place its own interpretation upon the statute as applied to a given state of facts, without regard to prior determinations of this court, inconsistent Special Term holdings on similar facts might well result, and uniform decisions, so essential to the proper administration of justice, would be imperiled. Thus, the ultimate discretion in these cases must be exercised by the Appellate Division (*Matter of Stowe v. City of Elmira*, 31 N Y 2d 814; *Matter of Murray v. City of New York*, *supra*; *Matter of Biberias v. New York City Tr. Auth.*, 27 N Y 2d 890).

Since this court has an established policy in this line of cases, Special Term was not at liberty to make a decision contrary thereto. The order, therefore, should be reversed insofar as

it denies the infant's application to file a late notice of claim, and the infant's application should be granted, and otherwise the order should be affirmed (see *Matter of Tashjian v. Central School Dist. No. 5,* 38 A D 2d 1006, *supra*; *Matter of Ridley v. New York City Tr. Auth.,* 38 A D 2d 973, *supra*; *Matter of Andrzejewski v. Board of Co-op. Educational Servs.,* 34 A D 2d 881, *supra*), without costs.

For years the Association of Supreme Court Justices of the State of New York has made unsuccessful efforts to secure corrective legislation with respect to this problem under section 50-e of the General Municipal Law. We join with the concurring opinion of Judge BREITEL of the Court of Appeals (*Matter of Murray v. City of New York, supra,* p. 121) in urging that the Legislature give prompt attention to ameliorating the harsh implications of this statute.

MOULE, J. (dissenting). Subdivision 5 of section 50-e of the General Municipal Law states, " The court, *in its discretion, may* grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in subdivision one of this section [90 days] in the following cases: (1) *Where the claimant is an infant,* or is mentally or physically incapacitated, *and by reason of such disability* fails to serve a notice of claim within the time specified." (Emphasis supplied.) We have consistently held that where the claimant is an infant, there must be a *cognizable relation* between the fact of infancy and the failure to serve timely notice to justify a discretionary extension of the time limit within which such service must be effected (*Marquart v. County of Erie,* 36 A D 2d 578; *Chao v. Westhill Cent. School Dist.,* 35 A D 2d 1071; *Matter of Perry v. Board of Educ. of City of Lackawanna,* 34 A D 2d 1089; *Matter of Andrzejewski v. Board of Co-op. Educational Servs.,* 34 A D 2d 881; *Matter of Harden v. Village of Akron,* 32 A D 2d 610; *Matter of Klee v. Board of Co-op. Educational Servs.,* 25 A D 2d 715; *Matter of Borowski v. Town of Clarence,* 19 A D 2d 580). However, we have not applied this standard uniformly in determining whether discretionary extensions have been properly granted.

In *Matter of Borowski v. Town of Clarence (supra),* we held that there was no cognizable relation between infancy and late notice where a 19-year-old failed to consult an attorney until after the 90-day time period had expired because he did not realize he had an actionable claim. In *Matter of Harden v. Village of Akron (supra),* we failed to find a cognizable relation where a 19-year-old had retained an attorney but neither realized

there was an actionable claim until four months after the time period had elapsed. Similarly, in *Cooke* v. *City School Dist., Rochester* (38 A D 2d 686) we refused to allow an extension of time without some indication of an infant's age and in *Marquart* v. *County of Erie* (36 A D 2d 578, *supra*), we remitted a case to Special Term for further findings as to causal connection between infancy and failure to give timely notice.

On the other hand, we have found there to be a cognizable relation between infancy and lack of notice where the infant was also mentally retarded (*Matter of Klee* v. *Board of Co-op. Educational Servs.*, 25 A D 2d 715, *supra*), where an attorney was not retained until after the 90-day period had expired because plaintiff's parent believed defendant would voluntarily pay the child's claim (*Chao* v. *Westhill Cent. School Dist.*, 35 A D 2d 1071, *supra*), where an attorney was timely retained but the identity of the proper municipal defendant was not immediately ascertained (*Matter of Perry* v. *Board of Educ. of City of Lackawanna,* 34 A D 2d 1089, *supra*; *Matter of Andrzejewski* v. *Board of Co-op. Educational Servs.*, 34 A D 2d 881, *supra*), and where an adult, mentally disabled plaintiff had retained an attorney who failed to serve notice in compliance with the statute because " but for this disability he might have become aware of his attorney's neglect and served timely notice of claim " (*Matter of Reynolds* v. *Greece Cent. School Dist. Number One,* 36 A D 2d 1020, 1021).

The Court of Appeals in *Matter of Murray* v. *City of New York* (30 N Y 2d 113) has noted that the manner in which our department as well as the Second and Third Departments has either allowed or disallowed extensions of time to serve notice under this statute in situations similar to the one now before us is erratic. The First Department, until recently, has demonstrated a degree of consistency by construing the statute strictly but that court has apparently deviated from its strict construction (*Matter of Potter* v. *Board of Educ. of City of N. Y.*, 43 A D 2d 248). In my opinion, the court in *Murray* (*supra*), and more recently in *Matter of Stowe* v. *City of Elmira* (31 N Y 2d 814) has not provided us with any firm direction as to how we should proceed to unify our own decisions and to conform them with those of the other three Appellate Division Departments.

In *Murray* (*supra*), the court affirmed the granting of leave to file a late notice of claim in a medical malpractice case brought against a municipal hospital. The plaintiff, a 19-year-old boy, was injured in a motorcycle accident and had retained an

attorney in connection with a resultant personal injury claim. He did not realize until well after the expiration of the statutory 90-day period, however, that he also had a malpractice claim and this lack of realization was determined to be sufficiently related to his infancy to permit a late notice.

In *Murray*, the court clearly stated that by the terms of General Municipal Law (§ 50-e, subd. 5) the fact of infancy alone is insufficient to relieve a prospective litigant from the consequences of his default in serving timely notice of claim and that absent a showing that the failure to give notice was "the product of the infancy" the claim would be barred. However, it went on to say that an infant may be presumed not to understand his rights well enough to assert them without delay and concluded that, in any event, whether there is a cognizable relation between infancy and the delay is a matter committed to the sound discretion of the court, to be exercised in light of all the facts and relevant circumstances in a given case. Where satisfied that either an extension or refusal to extend the notice period has been accomplished "within the perimeters of reason", the court said that it would not interfere.

Since *Murray* criticizes the manner in which these cases have been handled and suggests that the departments strive for uniformity not only in each department but among all four, it is our responsibility as the majority suggests, to insure at least a minimal degree of uniformity between one tribunal and the next. I agree with that but do not agree that this uniformity should be provided by applying the causal connection standard so liberally that the words of the statute are left without meaning. To do so is to repeal the statute by judicial fiat and this is beyond the power of the courts. Regardless of our previous decisions, I would begin now to achieve uniformity by adhering to the plain words of the statute, not by ignoring them. If, as the majority contends, the notice requirement operates so harshly that it ought to be stricken from the books, the Legislature should do it. The Association of Justices of the Supreme Court in the state, through its Committee on Reform of the Law, has requested the passage of such legislation.

I think that on the facts of the case now before us there is absolutely no causal connection between the fact of infancy and the late notice, and that Special Term did not abuse its discretion in refusing the plaintiffs leave to serve notice after the expiration of the 90-day period. Here, the father retained an attorney to represent him and his infant son within a few days after the accident occurred. There was no failure or delay

on the infant's part in ascertaining that he had what might prove to be an actionable claim. What apparently happened was that the attorney failed to insure that notice was timely served. If any causal connection mu'st be drawn, it can only be drawn to the attorney. The majority's extension of that connection to the infant on the slender thread that, had it not been for his infancy, he might have retained a more diligent lawyer, is to me untenable. As Judge BREITEL pointed out in his concurring opinion in the *Murray* case, " Where an infant is in the later years of minority * * * and *when the infant of whatever age has a lawyer representing him* * * * *there is and can be no causal connection between the disability of infancy and the failure to file a claim promptly.*" (*Matter of Murray* v. *City of New York*, 30 N Y 2d 113, 121, *supra.*) (Emphasis supplied.)

Accordingly, I would affirm the order of Special Term and refuse plaintiff leave to file a late notice of claim.

CARDAMONE, SIMONS and DEL VECCHIO, JJ., concur with WITMER, J. P.; MOULE, J., dissents and votes to affirm the order in an opinion.

Order reversed with costs and petition granted.