In the Matter of the Claim of RAMIRO FEBLES, an Infant, by His Father and Natural Guardian, RAMIRO F. FEBLES, et al., Appellants, v. CITY OF NEW YORK, Respondent.

First Department, May 9, 1974.

Jules H. Kornblau (Benjamin H. Siff and Thomas R. Newman of counsel), for appellants.

Adrian P. Burke, Corporation Counsel (Jesse J. Fine of counsel), for respondent.

NUNEZ, J. On July 7, 1973, Ramiro Febles, the infant claimant, one month short of 18 years of age, was struck by a motorcycle while crossing an intersection. He was removed to the

hospital in severe shock. His right leg was amputated. The operator of the motorcycle was killed.

Ramiro's father retained an attorney on July 20, 1973. The attorney has affirmed, under penalty of perjury, that both the infant and his father are Spanish speaking, resulting in a substantial language barrier which prevented adequate communication between him and his clients. Furthermore, the boy's critical condition for more than two months presented additional difficulties in communication. The attorney acted promptly. His request for the aided card and a detailed accident report was received by the police department on July 27, 1973. The only record furnished by the police department was the aided card report which did not indicate that the city was in any way involved. After a telephone call and two additional written requests, the attorney received from the city's police department the long-withheld investigation report on November 20, 1973. This report indicated that the motorcyclist had lost control of his vehicle when he struck a bump or defect in the roadway. The attorney moved for permission to file the late notice immediately upon learning of the apparent involvement of the city.

Here, we not only indulge in the presumption of an impediment attending infancy, suggested in *Matter of Murray* v. *City of New York* (30 N Y 2d 113) and followed by this court in *Sherman* v. *Metropolitan Tr. Auth.* (44 A D 2d 533), but considering the infant's serious injuries, the language barrier, the prompt action by the infant's attorney in attempting to obtain the accident reports and the city's failure to explain why it did not transmit facts in its possession (facts incidentally tending to show possible liability by the city) until more than 90 days from the date of the accident had elapsed, we hold that discretion should have been exercised in favor of the application.

The distinguished dissenter is in error in stating that by this determination this Department has now made a complete about-face. It is true that there has been a shift by this court in its views regarding the scope of discretion in permitting late filing, but the long-overdue change was first made by us in *Matter of Potter* v. *Board of Educ. of City of N. Y.* (43 A D 2d 248 [Jan. 4, 1974]) and followed by *Sherman* v. *Metropolitan Tr. Auth.* (*supra*). We have not altered the statute. We have interpreted the statute to conform with the views of the other three Departments and the Court of Appeals. Prior to *Matter of Potter* v. *Board of Educ.* (*supra*), this Department, holding to a strict

and literal construction of section 50-e of the General Municipal Law had required that causation be factually demonstrated (see, e.g., *Matter of Biberias* v. *New York City Tr. Auth.*, 33 A D 2d 671, revd. and remitted for findings of fact 27 N Y 2d 890; *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680; *Schnee* v. *City of New York*, 285 App. Div. 1130, affd. 1 N Y 2d 697; *Matter of Clark* v. *Manhattan & Bronx Surface Tr. Operating Auth.*, 34 A D 2d 770; *Matter of Shankman* v. *New York City Housing Auth.*, 21 A D 2d 968, affd. 16 N Y 2d 500). The other Departments have more typically in consonance with the legislative purpose tended to presume disability from the fact of infancy and have granted relief upon a showing that the delay in filing was reasonably attributable in any substantial degree to the fact of infancy (*Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282, 284-285 [3d Dept.]; see, also, *Matter of Shane* v. *County of Albany*, 20 A D 2d 746 [3d Dept.]; *Matter of Ostrander* v. *City of Syracuse*, 40 A D 2d 622, affd. 33 N Y 2d 960 [1974]; *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951 [2d Dept.]; *Matter of Wenz* v. *Board of Educ., Union Free School Dist. No. 5*, 16 A D 2d 930 [2d Dept.]; *Matter of Crugnale* v. *City of Niagara Falls*, 40 A D 2d 626 [4th Dept.]; *Matter of Reynolds* v. *Greece Cent. School Dist.*, 36 A D 2d 1020 [4th Dept.]; *Chao* v. *Westhill Cent. School Dist.*, 35 A D 2d 1071 [4th Dept.]; *Matter of Andrzejewski* v. *Board of Co-op. Educational Servs.*, 34 A D 2d 881 [4th Dept.]; *Matter of Perry* v. *Board of Educ. of City of Lackawanna*, 34 A D 2d 1089 [4th Dept.]; *Matter of Crume* v. *Clarence Cent. School Dist.*, 43 A D 2d 492 [4th Dept.]).

As the Court of Appeals said in *Matter of Murray* v. *City of New York* (30 N Y 2d 113, 120, *supra*): "An infant of 19 may indeed lack the acumen to appreciate the source, or for that matter, the nature of the wrong allegedly perpetrated against him and, consequently, have been remiss in the proper assertion of his legal rights. The impediment may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated [citing cases]. Under the circumstances, the fact of infancy may well have been an important factor in the failure to file a notice of claim." We also heed the observations of the then Judge, now Chief Judge Breitel, made in his concurring opinion in *Matter of Murray* (*supra*) that except to the practitioner who is skilled in tort cases or claims against municipalities, section 50-e is a mousetrap and that such statute should provide a greater discretion to give

relief from its requirements and to avoid obvious abuses. As Chief Judge Breitel pointed out, statute law, especially cut-off statutes, should be clear enough so that the intelligent professional reader can rely on its obvious meaning. We further heed his critical observation that there should not be such marked divergence among the Appellate Divisions leading to unequal treatment of like situations with significant substantive effect.

When Special Term denied this application, it could not have been aware of the change of policy by this court. *Matter of Potter* v. *Board of Educ.* (43 A D 2d 248, *supra*) was decided the same date the judgment herein was entered. Indeed, the ultimate discretion in these cases must be exercised by the Appellate Division (*Matter of Stowe* v. *City of Elmira,* 31 N Y 2d 814; *Matter of Murray* v. *City of New York,* 30 N Y 2d 113, *supra; Matter of Biberias* v. *New York City Tr. Auth.,* 27 N Y 2d 890, *supra; Matter of Crume* v. *Clarence Cent. School Dist.,* 43 A D 2d 492, *supra*). Considering the facts and circumstances of this case, we feel that the application should have been granted and therefore reverse.

Order and judgment entered in the Supreme Court, Bronx County (Brust, J.) on January 4, and February 4, 1974, respectively, denying the infant claimant's application for leave to file a late notice of claim on the City of New York should be modified on the law, the facts and in the exeircse of discretion, without costs, so as to grant the infant claimant's application to file a late notice of claim, and otherwise affirmed.

Kupferman, J. (concurring). The opinion of Nunez, J. is clearly correct in stating that the various factors in the case lead to the conclusion that discretion should be exercised in favor of the application to allow the late notice of claim. It is not the mere fact of infancy that excuses a late filing, but infancy permits a consideration of the facts leading to an equitable determination.

If the dissent is correct in its analysis, then it is due to the unyielding and blind application of the short Statute of Limitations in cases like *Santiago* v. *Board of Educ. of City of N. Y.* (41 A D 2d 616) which has led to such a result.

Tilzer, J. (concurring). I concur in the modification of the order of Special Term so as to grant the infant's application to file a late notice of claim under constraint of *Sherman* v. *Metropolitan Tr. Auth.* (44 A D 2d 533) and *Matter of Potter* v. *Board of Educ. of City of N. Y.* (43 A D 2d 248).

STEUER, J. (dissenting). The opinion of NUNEZ, J. makes out an excellent case for the proposition that hard cases make bad law. The facts are accurately stated but the ultimate conclusion can be supported only by a patent disregard of the statutory language. This unfortunate infant did everything that an adult would have done. His attorney as well could not be charged with any lack of diligence because he failed to discover, within the 90-day period, a possible ground for asserting liability against the city. That is what makes this a hard case. Even if one concurs in the view that section 50-e is a mousetrap in which the necks of otherwise valid claims are broken, it is still the law, and until the courts are empowered to obviate a statute because it is deemed to be unfair it should be followed. The majority opinion takes issue, in a polite and restrained way, with our contention that this case marks the final movement in a complete about-face in this Department. In the prior holdings Special Term's findings that the failure to file a timely claim was in some degree due to infancy was upheld. Though we would not dispute that the affirmances were upon extremely tenuous grounds, this case goes even further and holds that Special Term's finding that the failure was not due to infancy (a factual finding, not a discretionary one) should be reversed without any showing that the factual finding was erroneous. It is therefore perfectly in order to say that the court now holds that infancy alone excuses a late filing not a late filing attributable to infancy. We hold no brief for section 50-e, only for the proper exercise of judicial discipline. We would dissent and vote to affirm.

KUPFERMAN and TILZER, JJ., concur with NUNEZ, J. P., in separate opinions; STEUER, J., dissents in opinion, in which MURPHY, J., concurs.

Order and judgment, Supreme Court, Bronx County, entered on January 4, 1974 and February 4, 1974, respectively, modified, on the law, the facts and in the exercise of discretion, so as to grant the infant claimant's application to file a late notice of claim, and otherwise affirmed, without costs and without disbursements.