■ In the Matter of PAT DELZOTTO et al., Appellants, v COUNTY OF WARREN et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 27, 1987 in Warren County, which denied petitioners' applica-

tion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

The issue on appeal is whether petitioners should be granted leave to file a late notice of claim with respect to claimed violations by respondents of the Federal Civil Rights Act of 1871 (42 USC § 1983). On April 21, 1986, petitioner Pat Delzotto was allegedly arrested by officers of respondent Warren County Sheriff's Department and charged with grand larceny in the second degree. The charge was later dismissed. On July 8, 1986, petitioner served a notice of claim upon respondents alleging that the April 21, 1986 incident gave rise to claims for false arrest, false imprisonment, malicious prosecution and abuse of process. The notice of claim did not allege a violation of 42 USC § 1983.

On November 20, 1986, the Court of Appeals held, in *423 S. Salina St. v City of Syracuse* (68 NY2d 474, *cert denied* — US —, 107 S Ct 1880), that the notice of claim requirements of General Municipal Law § 50-i, as limited by General Municipal Law § 50-e, apply to Federal civil rights actions. Upon learning of this decision by the Court of Appeals, petitioners sought, by an order to show cause dated April 6, 1987, permission to serve a late notice of claim asserting Federal civil rights claims against respondents. The application was denied without opinion. This appeal ensued.

We reverse. This court is vested with broad discretion in considering whether service of a late notice of claim should be permitted *(Hamm v Memorial Hosp.,* 99 AD2d 638; *Matter of Febles v City of New York,* 44 AD2d 369, 372; *see, Matter of Chmielewski v City of New York,* 61 NY2d 1010). Among the factors to be considered in determining whether to grant leave to file a late notice of claim are whether the public corporation had actual knowledge of the essential facts constituting the claim within the 90-day period or a reasonable time thereafter and whether the delay in serving the notice of claim substantially prejudiced the public corporation in preparing its defense (General Municipal Law § 50-e [5]; *see, Baker v Board of Educ,* 127 AD2d 967, *revd on other grounds* 70 NY2d 314; *Barnes v County of Onondaga,* 103 AD2d 624, 629-630, *affd* 65 NY2d 664).

Here, the initial notice of claim of petitioners, which was served July 8, 1986, put respondents on notice in a timely fashion of the essential facts which support the Federal civil rights claim. The facts were further developed within a rea-

sonable period at an examination of petitioner Pat Delzotto held February 11, 1987 pursuant to a demand of respondents (see, General Municipal Law § 50-h). Petitioners' failure to include the Federal civil rights claim in its initial notice of claim, while perhaps not the most prudent course, was certainly understandable in light of the unsettled nature of the law at that time with respect to whether the notice of claim requirements applied to such actions. Indeed, as noted by the Court of Appeals in *423 S. Salina St. v City of Syracuse (supra,* at 489), resolution of the issue involves interpretation of a Federal statute and the issue has not yet been addressed by the United States Supreme Court, nor is there agreement among various lower Federal courts which have considered the issue.

Finally, we are unpersuaded by respondents' contention that they were prejudiced by the delay. The scope of the common-law claims set forth in the initial notice of claim was broad and the facts underlying those claims and the Federal claims for which petitioners seek leave to serve a late notice are essentially identical. Accordingly, we conclude that petitioners should have been granted leave to serve a late notice of claim with respect to the claims based upon the alleged violations of their Federal civil rights.

Order reversed, on the facts, without costs, and application granted. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.