■ In the Matter of RONALD STREVELL, Individually and as Natural Parent of CINDY STREVELL, Appellant, v SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.),

entered June 29, 1987 in Albany County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On January 28, 1986, 15-year-old Cindy Strevell allegedly slipped on ice outside a door at respondent's building and fell. The incident occurred as she was exiting the building after taking a Regents examination in mathematics. As a result of the fall, Strevell purportedly suffered a displaced fracture of her left ankle. She was taken to the hospital where, on January 29, 1986, she was operated on and had two temporary pins placed in her ankle. The pins were removed in a second operation on June 24, 1986.

On June 24, 1986, petitioner, Strevell's father acting on behalf of himself and his daughter, filed a notice of claim on respondent. A motion for leave to file a late notice of claim was filed on August 4, 1986. After granting an adjournment requested by respondent, the motion was decided on December 19, 1986. Supreme Court denied the motion without prejudice to renew. On March 25, 1987, petitioner again moved for leave to file a late notice of claim. Supreme Court denied the motion and this appeal followed.

The standards governing consideration of applications for leave to file a late notice of claim have been purposely made more elastic, affording courts broad discretion (see, e.g., Hamm v Memorial Hosp., 99 AD2d 638). Such discretion is ultimately in this court (Matter of Febles v City of New York, 44 AD2d 369, 372; see, Matter of Delzotto v County of Warren, 137 AD2d 950, 951). In exercising this discretion, various factors are to be considered, including, "in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Other factors, relevant to the present case, include whether the delay in serving a notice of claim caused prejudice to the public corporation and whether the claimant is an infant (General Municipal Law § 50-e [5]).

Here, when Strevell fell on January 28, 1986, she was unable to walk from the accident site. She was carried by one of respondent's janitors to the school nurse. A report of the incident was prepared on behalf of respondent and signed by one of its principals. The report was dated January 28, 1986, the day of the accident. In light of this evidence, we are unconvinced by respondent's assertion that it lacked adequate knowledge about the incident. Further, the initial notice of

claim was filed within five months of the accident. Part of the reason for the delay was attributed to Strevell's age together with the fact that she was under treatment during the pertinent time. Respondent's allegation that the delay caused it actual prejudice is unpersuasive, particularly in light of the fact that it was aware of the accident the day it occurred and conducted at least a cursory investigation. Accordingly, we conclude that the motion requesting leave to serve a late notice of claim on behalf of Strevell should have been granted.

Order modified, on the facts, without costs, by reversing so much thereof as denied permission to serve a late notice of claim on behalf of Cindy Strevell; motion granted with respect to Cindy Strevell only; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.