■ In the Matter of BARBARA FAST, Respondent, v COUNTY OF BROOME et al., Appellants.—Harvey, J. Appeals (1) from an order of the Supreme Court (Fischer, J.), entered April 12, 1988 in Broome County, which granted petitioner's application pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, and (2) from an order of said court, entered July 5, 1988 in Broome County, which, inter alia, deemed service of said late notice of claim to be served as of March 15, 1988, nunc pro tunc.

This action stems from injuries received by petitioner when she fell down the steps of a public bus owned and operated by respondent Broome County while she was exiting the vehicle on March 16, 1987. A claims adjuster for the county contacted petitioner within a week, had her fill out a no-fault claim and apparently also obtained authorization from petitioner to obtain her medical records. Prior to May 1987, petitioner retained counsel to commence a suit against the county and its transit company. Petitioner's counsel has sworn to the fact that he dictated the notice to a member of his staff and directed service of a notice of claim pursuant to General Municipal Law § 50-e. However, it was never typed and served.

Upon learning that the notice requirements in petitioner's claim had not been met, petitioner's counsel made a motion in March 1988 for an order granting leave to serve a late notice of claim. This motion was granted and the order of the court permitted petitioner to serve formal notice upon both the County Clerk and County Attorney within 30 days of April 8, 1988, the date the order was signed. Petitioner served her summons and complaint on May 20, 1988 and the County Attorney's office advised petitioner's counsel that notice of the claim was not properly served or filed. Petitioner's counsel

then had the notice re-served on both the County Attorney and the County Clerk on May 27, 1988.

Respondents thereafter moved to dismiss the complaint on the basis that notice was not served within 30 days of the court's order. Supreme Court denied respondents' motion and amended its prior order, nunc pro tunc, holding that the notice of claim "shall be deemed served as of March 15, 1988, the date upon which the Notice of Motion containing the notice of claim was served upon [the] County Attorney". Respondents appeal from this order as well as from the April 8, 1988 order permitting the late notice of claim to be filed.

We affirm. This court is vested with broad discretion in considering whether service of a late notice of claim should be permitted (see, Matter of Strevell v South Colonie Cent. School Dist., 144 AD2d 733, 734; Matter of Delzotto v County of Warren, 137 AD2d 950, 951). Among the factors to be determined on such a motion are whether the public corporation had actual knowledge of the essential facts constituting the claim and whether the delay in serving the notice of claim would substantially prejudice the public corporation in preparing its defense (supra; see, General Municipal Law § 50-e [5]).

Here, while the question is a close one, it appears from the record that respondents received timely notice of petitioner's accident from the information obtained and transmitted by their claims investigator in interviewing petitioner three days after the accident and obtaining medical releases. This claims adjuster had plenty of opportunity to obtain any salient information required by respondents concerning the claim. Regarding petitioner's excuse for the lengthy delay, we are unimpressed with the explanations of petitioner's counsel which basically amount to law office failure. Although petitioner's counsel attributes the delay to the malicious actions of a dishonest employee, no reasonable explanation is offered as to why it took petitioner's counsel more than nine months to discover that no notice of claim had been prepared and served. Despite petitioner's contentions otherwise, this delay must have certainly prejudiced respondents' investigation of the claim to some extent. However, we nonetheless conclude that Supreme Court did not abuse its discretion by allowing the filing of a late notice of claim in this case. Petitioner sought legal counsel within the time a notice of claim could have been timely filed. We choose not to allow her interests to suffer because of the actions of her counsel.

Turning to respondents' motion to dismiss the complaint for failure to comply with proper service of the late notice of

claim, we must agree with Supreme Court's denial of that motion. In amending its original order, nunc pro tunc, to the date upon which the original notice of motion to file a late claim was served upon the County Attorney, the court noted that the motion papers had a copy of the notice of claim attached to them. To insist at this point on a rigid time frame for the re-service of the same papers would impermissibly elevate form over substance. It is undisputed that the County Clerk's office was timely served within the 30 days outlined in the court's April 8, 1988 order. These facts, taken together with the fact that the County Attorney received a copy of the proposed identical notice of claim as early as March 15, 1988, dictate a finding that no abuse of the court's discretion is present here.

Orders affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.