■ In the Matter of JUTTA KRESSNER, Respondent, v TOWN OF MALTA, Appellant.—Weiss, J. Appeal from an amended order of the Supreme Court (Brown, J.), entered October 12, 1989 in Saratoga County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner fell in the vicinity of her driveway and mailbox on December 31, 1988. She contends that her fall was a result of accumulation of ice and moisture resulting from respondent's improper plowing of the roadway which caused a diversion of water and ice. Her injuries included fractures of her arm and wrist requiring a cast for 10 weeks following one week of hospitalization. She thereafter received physical therapy until April 1989.

Petitioner mailed a motion for leave to serve a late notice of claim to respondent* at the end of June 1989 or during early July 1989. This was the first notification respondent received of the incident and petitioner's injuries. Petitioner contended that she was unaware of the notice of claim requirement of General Municipal Law § 50-e and that her ability to travel was limited by her injuries. Supreme Court granted the application and respondent now appeals.

The standards governing applications for leave to file a late notice of claim have purposely been made elastic in order to

---

* Any jurisdictional defect was waived by the failure of respondent to raise the issue before Supreme Court.

afford courts broad discretion. The statute requires that particular attention be given to whether the municipality acquired actual notice of the essential facts constituting the claim within 90 days or within a reasonable time thereafter, and whether the delay substantially prejudiced preparation of a defense (General Municipal Law § 50-e [5]; *see, Matter of Delzotto v County of Warren,* 137 AD2d 950, 951; *see also, Matter of Strevell v South Colonie Cent. School Dist.,* 144 AD2d 733, 734). Here, actual knowledge has not been shown and changed conditions may prevent an accurate reconstruction of the circumstances of the accident *(see, Kravitz v County of Rockland,* 112 AD2d 352, *affd* 67 NY2d 685). Moreover, ignorance of the statute has been held not to constitute a valid excuse *(see, Matter of Andrews v Village of Sherburne,* 140 AD2d 790, 791, *lv denied* 72 NY2d 807). Additionally, petitioner has neither documented nor specified her disabilities *(see, Matter of Mallory v City of New York,* 135 AD2d 636, 637, *lv denied* 72 NY2d 803). While the discretion of Supreme Court will generally be upheld absent demonstrated abuse *(see, Benjamin v County of Warren,* 128 AD2d 973, 974, *lv denied* 71 NY2d 806), here petitioner offered nothing other than her bare request for the intervention of the court's discretion. Since such discretion is ultimately reposed in this court *(Matter of Febles v City of New York,* 44 AD2d 369, 372; *see, Matter of Delzotto v County of Warren, supra,* at 951), we find that petitioner has failed to demonstrate a basis for the relief granted and, accordingly, hold that the order must be reversed.

Amended order reversed, on the law and the facts, without costs, and application denied. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.