■ In the Matter of SANDRA HOWE, Respondent, v VILLAGE OF TRUMANSBURG, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Ellison, J.), entered October 20, 1989 in Tompkins County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

This is an application for leave to serve a late notice of claim. Petitioner, a high school student, alleges that she was driving her car on a Sunday morning in January 1989 when she was pulled over by one of respondent's police officers, David Stanton, for speeding. According to petitioner, Stanton told her to follow him to a remote parking lot where he raped her. Petitioner became pregnant as a result of this alleged incident, left school and gave birth to a child she subsequently gave up for adoption. Paternity tests apparently indicate a 99.9% probability that Stanton was the father. In her moving papers, petitioner submits an affidavit from her psychiatric social worker relating that, following the alleged attack, petitioner suffered from "post traumatic stress disorder" with the accompanying symptoms of denial, depression and anxiety. These symptoms allegedly impaired petitioner's ability to register complaints about the incident earlier. Supreme Court granted petitioner permission to file a late notice of claim and this appeal by respondent follows.

We affirm. Supreme Court is afforded broad discretion in permitting the service of a late notice of claim and we find no abuse of that discretion in this case (see, Matter of Frazzetta v Rondout Val. Cent. School Dist., 166 AD2d 843). Among the factors to be considered in these motions are whether the public corporation had actual knowledge of the essential facts constituting the claim (General Municipal Law § 50-e [5] ). Other relevant factors include whether any prejudice will

result from the delay, whether the petitioner was incapacitated during the 90-day period and whether a reasonable excuse was established for the delay *(supra; see, Kavanaugh v Memorial Hosp. & Nursing Home,* 126 AD2d 930, 931).

Here, although respondent points out that petitioner was very imprecise about the exact date of the alleged attack and there was a six-month delay before respondent presumably knew of its occurrence, it is significant to note that the crux of petitioner's claim against respondent is her allegation that respondent negligently hired Stanton under circumstances in which it knew or reasonably should have known that Stanton was prone to commit such acts. Respondent's knowledge as to Stanton's alleged proclivities is a matter within respondent's control. Accordingly, it does not appear that respondent would be unduly prejudiced by petitioner's action. Moreover, in light of the evidence that petitioner was all but incapacitated during the relevant time due to posttraumatic stress disorder as a result of the alleged rape *(see, People v Taylor,* 75 NY2d 277, 287), we find the reasonableness of petitioner's excuse for the delay sufficient *(cf., Chalmers v County of Chemung,* 105 AD2d 885, 886, *appeal dismissed* 65 NY2d 690; *Matter of Osborn v Board of Educ.,* 5 AD2d 929, 930). Considering the particular circumstances of the case, we hold that Supreme Court did not improvidently exercise its discretion in granting petitioner leave to serve a late notice of claim *(see, Matter of Reisse v County of Nassau,* 141 AD2d 649).

Order affirmed, with costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.