■ In the Matter of ROBERT LAWRENCE, Respondent, v COUNTY OF SULLIVAN, Appellant. [649 NYS2d 244] —Spain, J. Appeal from an order of the Supreme Court (Kane, J.), entered March 18, 1996 in Sullivan County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On November 11, 1994, petitioner suffered personal injuries on property owned by respondent. An extension of time within which to file a notice of claim was apparently granted by respondent's counsel and its insurance carrier. The parties dispute the date of the extension. According to respondent, petitioner's former attorney was advised that June 30, 1995 was the deadline. Petitioner disputes this and contends that respondent's insurance agent advised his current attorney that he had until August 8, 1995. On August 15, 1995, respondent's attorney informed petitioner's attorney that it was his view that the deadline had expired on June 30, 1995. Nothing further happened until January 1996 when petitioner made the instant motion to file a late notice of claim (see, General Municipal Law § 50-e [5]). Supreme Court granted the application and respondent appeals.

We affirm. In doing so, we note that Supreme Court is vested with broad discretion in determining whether to permit the service of a late notice of claim and we find no abuse of that discretion in this case (see, Matter of Frazzetta v Rondout Val. Cent. School Dist., 166 AD2d 843). Among the factors to be considered are whether respondent had actual knowledge of the facts constituting the claim within the 90-day statutory period and whether it would be prejudiced by the late filing (see, Matter of Strevell v South Colonie Cent. School Dist., 144 AD2d 733). Here, respondent has conceded that it received actual no-

tice of the incident within the statutory period. Moreover, respondent does not dispute Supreme Court's finding that respondent would not be substantially prejudiced in preparing its defense. Instead, respondent argues that petitioner has failed to demonstrate a sufficient excuse for the late filing.

Although Supreme Court agreed that petitioner's explanation for the delay in seeking the relief requested was unsatisfactory, it nevertheless pointed out that the lack of a reasonable excuse is not necessarily fatal (*see, e.g., Matter of Frazzetta v Rondout Val. Cent. School Dist., supra; Matter of Fast v County of Broome*, 151 AD2d 930). In permitting the late filing, the court emphasized that respondent had received actual notice and that there was no evidence of prejudice. Given these factors and the record before us, we conclude that Supreme Court did not abuse its wide discretion by allowing the filing of the late notice of claim in this case. This is true even given the fact that there was a delay of approximately $5^1/_2$ months between the time that it became clear that the extension granted by respondent had expired and petitioner's filing of the instant application (*see, Matter of Fast v County of Broome, supra*).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.