■ In the Matter of KELLI A., Respondent, v GALWAY CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondent. (And Another Related Proceeding.) [660 NYS2d 228] —Mikoll, J. P. Appeals from two orders of the Supreme Court (Keniry, J.),

entered April 12, 1996 in Saratoga County, which granted petitioners' applications pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim.

Petitioners (hereinafter individually referred to as victim A and victim B) were sexually abused and harassed by a male teacher while they were students of respondent Galway Central School District (hereinafter respondent) in Saratoga County. The incidents involving victim A occurred between November 1991 and June 1994 when she was less than 18 years old. The incidents involving victim B occurred between October 1992 and October 1994 when she was also less than 18 years old. In October 1994, victim B reported these incidents to a high school social worker and a full investigation of the teacher was subsequently undertaken by respondent which resulted in the teacher's resignation and criminal prosecution.

On September 9, 1994 and March 14, 1995, victims A and B respectively turned 18 years of age. In October 1995, victim A made application before Supreme Court pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim against respondent with respect to the events involving the teacher and her. Victim B made a similar application in January 1996. Without joining or consolidating the cases, Supreme Court decided both applications collectively and granted petitioners permission to serve late notices of claim. Respondent appeals, contending that Supreme Court abused its discretion in granting petitioners' applications.

We affirm. Supreme Court has broad discretion to permit the service of a late notice of claim (*see, Matter of Lawrence v County of Sullivan*, 233 AD2d 609; *Matter of Howe v Village of Trumansburg*, 169 AD2d 1018; *Matter of Frazzetta v Rondout Val. Cent. School Dist.*, 166 AD2d 843, 844). Among the factors for the court to consider are "whether the [municipality] had actual knowledge of the essential facts constituting the claim", "whether any prejudice will result from the delay, whether the petitioner was incapacitated during the 90-day period and whether a reasonable excuse was established for the delay" (*Matter of Howe v Village of Trumansburg, supra*, at 1018-1019; *see*, General Municipal Law § 50-e [5]; *Matter of Cure v City of Hudson School Dist.*, 222 AD2d 879, 880). No particular factor, however, is controlling.

Although there appears to be no reasonable excuse for petitioners' delay in making their applications, this is not fatal under the circumstances presented (*see, Matter of Lawrence v County of Sullivan, supra*, at 610; *Matter of Frazzetta v Rondout Val. Cent. School Dist., supra*, at 844). Indeed, owing to the

extensive investigation undertaken after victim B made her report to the social worker in October 1994, which involved the State Police and resulted in the disclosure of a number of witnesses who attested to the incidents which occurred between both victims and the teacher, and led to the teacher's criminal conviction in March 1995, we agree with Supreme Court that respondent had knowledge of the essential facts underlying petitioners' claims within a reasonable time after they arose and is not prejudiced. Therefore, we do not find that Supreme Court abused its discretion in granting the applications.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, with costs.