■ In the Matter of R.A. et al., Appellants, v CITY OF NEW YORK, Respondent. [18 NYS3d 137]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from (1) an order of the Supreme Court, Queens County (Strauss, J.), dated May 15, 2014, which denied their petition, and (2) an order of the same court dated October 9, 2014, which, inter alia, denied that branch of their motion which was for leave to renew.

Ordered that the order dated May 15, 2014, is reversed, on the facts and in the exercise of discretion, and the petition for leave to serve a late notice of claim is granted; and it is further,

Ordered that the appeal from the order dated October 9, 2014, is dismissed as academic in light of our determination on the appeal from the order dated May 15, 2014; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The petitioners commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York relating to claims sounding in, inter alia, negligent hiring, negligent retention, and negligent supervision for alleged acts inflicted upon them by a member of the New York City Police Department beginning on December 4, 2012. The Supreme Court denied the petition.

Pursuant to General Municipal Law § 50-e (5), a court may, in its broad discretion, extend the time to serve a notice of claim (*see Matter of Lodati v City of New York*, 303 AD2d 406 [2003]). Under the facts of this case, the Supreme Court improvidently exercised its discretion in denying the petition. Among the factors to be considered when deciding a petition for leave to serve a late notice of claim are whether the public corporation had actual knowledge of the essential facts constituting the claim (*see* General Municipal Law § 50-e [5]). Other relevant factors include whether any prejudice will result from the delay and whether a reasonable excuse was established for the delay (*see* General Municipal Law § 50-e [5];

*Matter of Snyder v County of Suffolk*, 116 AD3d 1052, 1052 [2014]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790 [2014]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]).

Here, the petitioners allege that a certain identified police officer committed a series of acts, extending over a period several months, which included two rapes, blackmail, and threats of physical harm in the event the petitioners revealed or reported the police officer's alleged conduct. During the time period identified by the petitioners, a report was filed with the New York Police Department's Internal Affairs Bureau regarding the police officer's conduct. The crux of the petitioners' claims against the City of New York is that it knew or should have known that the police officer was prone to commit such acts.

We find, based on the filing of the report with the Internal Affairs Bureau, that the City of New York had knowledge of the police officer's alleged propensities toward improper conduct and acquired actual knowledge of the facts constituting the claims within the statutory period or a reasonable time thereafter (*see Matter of Howe v Village of Trumansburg*, 169 AD2d 1018, 1018-1019 [1991]; *Matter of Mazzilli v City of New York*, 115 AD2d 604 [1985]). Furthermore, the nature of the claims are such that the City of New York would not be unduly prejudiced by the delay (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]), and the petitioners' excuse for their delay was reasonable and sufficient in light of the continuing conduct of threats and blackmail allegedly committed by the police officer in an effort to silence the petitioners (*see Matter of Howe v Village of Trumansburg*, 169 AD2d at 1019).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition for leave to file a late notice of claim.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.