■ In the Matter of JOANNE LOGAN, Individually and as Parent and Natural Guardian of PRESHIA LOGAN, an Infant, Respondent, v CITY OF ALBANY, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Conway, J.), entered May 16, 1988 in Albany County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On or about July 4, 1986, petitioner moved into an apartment then owned by Martha Ramsey. Prior to said occupancy respondent, through its Building Inspector's office, made an inspection of the apartment and issued a certificate of occupancy. Between the date of occupancy and October 1986 Preshia Logan, petitioner's infant daughter, ingested lead paint chips that had been peeling off the walls of the apartment. She was taken to the hospital and was diagnosed as having lead poisoning.

In March 1987, petitioner sought legal advice and was eventually referred to attorney James Linnan who, in addition to his private law practice, acted as Assistant Corporation Counsel for respondent. In May 1987, Linnan commenced a negligence action on petitioner's behalf against her landlord. However, soon thereafter Linnan determined through further investigation of petitioner's claim that petitioner might have a claim against respondent for the negligent issuance of the certificate of occupancy. Recognizing a potential conflict of interest on his part, Linnan referred the matter to another law firm. Petitioner's entire file was forwarded to that firm in August 1987. On December 23, 1987, petitioner moved by order to show cause seeking permission to file a late notice of claim upon respondent. This motion was granted and respondent now appeals.

We affirm. This court is vested with broad discretion in considering whether service of a late notice of claim should be permitted (Matter of Fast v County of Broome, 151 AD2d 930; Matter of Delzotto v County of Warren, 137 AD2d 950, 951). Among the factors to be considered in these motions are

whether the public corporation had actual knowledge of the essential facts constituting the claim and whether the delay in serving the notice of claim would substantially prejudice the public corporation in preparing its defense *(supra; see,* General Municipal Law § 50-e [5]). Here, although we reject petitioner's contention that Linnan's additional employment as Assistant Corporation Counsel to respondent served to give notice to respondent of petitioner's claim, we find that petitioner has sufficiently alleged notice to respondent by asserting that respondent's Building Inspector knew of the presence of dangerous conditions in the apartment prior to petitioner's occupancy *(see, Goudreau v City of Rensselaer,* 134 AD2d 709). While respondent notes that petitioner's proof of negligence on respondent's part is presently minimal, petitioner is not required to establish conclusively the merits of the claim at this stage in the litigation but only that there are sufficient facts to establish the reasonableness of said claims *(see, Matter of Reisse v County of Nassau,* 141 AD2d 649).

Respondent's allegations of substantial prejudice are not sufficiently persuasive herein, especially since it cannot be argued that the passage of time impaired its ability to examine its own records. The fact that the infant suffered lead poisoning is well documented and in the same form as would have been available for inspection within the first 90 days following the diagnosis. The entire claim is dependent upon petitioner's ability to prove notice to respondent at the time of the inspection and those records have been in the sole possession of respondent at all times.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.