■ In the Matter of DEBORAH L. FRAZZETTA, Respondent, v RONDOUT VALLEY CENTRAL SCHOOL DISTRICT, Appellant.— Kane, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered November 9, 1989 in Ulster County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner was injured on September 16, 1988 while attending a school dance being supervised by respondent on its premises. Petitioner, who was 17 years old at the time of the accident, consulted an attorney in December 1988 concerning her possible remedies and was advised to "return after [her] eighteenth birthday". Petitioner's 18th birthday was Decem-

ber 28, 1988; however, petitioner failed to again seek legal counseling until May or June 1989. Petitioner subsequently applied for leave to serve a late notice of claim (see, General Municipal Law § 50-e [5]), alleging in her supporting affidavit that she failed to file on time because, *inter alia,* her injury seriously affected her ability to think, she was young and inexperienced and she was concerned for her mother, who was employed by respondent at the time. Petitioner also alleged that respondent would suffer no prejudice from the late notice, that several employees of respondent were at the dance when petitioner was injured and that respondent was given an insurance claim therefor. Respondent opposed the application, arguing that petitioner had failed to demonstrate a sufficient excuse for her late filing. Supreme Court granted the application and respondent now appeals.

We affirm. Supreme Court is afforded broad discretion in permitting the service of a late notice of claim (see, *Matter of Fast v County of Broome,* 151 AD2d 930) and we find no abuse of that discretion in this instance. One factor of particular concern in deciding the issue is whether respondent had knowledge of the facts constituting the claim within the 90-day statutory period (see, General Municipal Law § 50-e [5]; *Washington v City of New York,* 72 NY2d 881, 883; *Matter of Logan v City of Albany,* 154 AD2d 861, 862). Here, the incident occurred on respondent's property from which an ambulance transported petitioner to a hospital after her accident. By specifically alleging the presence of respondent's employees at the time of the accident, petitioner has sufficiently alleged notice on respondent's part (see, *Matter of Logan v City of Albany, supra*).

Finally, we note that although a review of the record reveals that petitioner has failed to establish an acceptable excuse for her delay (see, *Matter of Salo v Board of Educ.,* 117 AD2d 922, 923), we also note that respondent has failed to offer any showing that it would be prejudiced by the late filing (see, General Municipal Law § 50-e [5]). In any event, neither factor is dispositive of the issue (see, *Matter of Reisse v County of Nassau,* 141 AD2d 649, 650-651; *Matter of Andrews v Village of Sherburne,* 140 AD2d 790, 792, *lv denied* 72 NY2d 807). Accordingly, we see no reason to disturb the order granting petitioner's application.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.