■ In the Matter of THOMAS D. KROHN et al., Respondents, v BERNE-KNOX-WESTERLO CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (White, J.), entered November 13, 1989 in Montgomery County, which granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On May 27, 1988, petitioner Thomas D. Krohn was injured when the vehicle he was riding in was involved in an accident with a vehicle owned by respondent Berne-Knox-Westerlo Central School District and operated by its employee. On August 25, 1988, just prior to expiration of the one-year and 90-day Statute of Limitations *(see,* General Municipal Law § 50-i [1]), petitioners made this application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Supreme Court granted the application and the school district appeals.

We affirm. It is our view that Supreme Court acted within its discretion in granting the application. The record establishes that the school district's vehicle was damaged in the accident and, in fact, towed from the scene, that a police accident report was prepared, and that the school district and, assumedly, its insurance carrier had immediate notice of the accident and an adequate opportunity to investigate it. Moreover, there is no indication that the school district has been prejudiced by the late filing of the notice of claim. Under the

circumstances of this case, petitioners' failure to allege a reasonable excuse for the delay is not fatal *(see,* General Municipal Law § 50-e [5]; *Matter of Fast v County of Broome,* 151 AD2d 930, 931; *Matter of Zbryski v City of New York,* 147 AD2d 705, 706, *lv dismissed, and lv denied* 74 NY2d 825).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.