■ In the Matter of KATHERINE A. LAMICA, Individually and as Parent and Natural Guardian of NICOLE LAMICA, an Infant, Respondent, v MALONE CENTRAL SCHOOL DISTRICT et al., Appellants.—Mikoll, J. P. Appeal from an order of the Supreme Court (Nicandri, J.), entered November 2, 1990 in Franklin County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Nicole Lamica was a seven-year-old student in the second grade at Davis Elementary School in the Town of Malone, Franklin County, when the school bus in which she was a passenger overturned on June 2, 1988. Lamica and 25 other students were taken to a hospital emergency room; Lamica was treated for a contusion of the head and released. Thereafter, she came under the care of Glenn Champagne, her family doctor, for abdominal and back pain and, in October 1989, was referred to Alan Moskowitz, an orthopedic surgeon, who surgically removed an osteoid osteoma from her spine in January 1990. Petitioner, who is Lamica's mother, first consulted the law firm of Poissant & Nichols, P. C. on August 27, 1990, which prepared motion papers for leave to file a late notice of claim three days later. Personal service was made on August 31, 1990 on the clerk of the Board of Education for respondent Malone Central School District, on the Board's president and on the superintendent of schools. Service of the notice of motion was made upon the Board's counsel by certified mail on August 30, 1990. Supreme Court granted the motion and respondents have appealed.

There should be an affirmance. Initially, we reject respondents' argument that service of the notice of motion was untimely. Petitioner's appendix includes the affidavits of personal service on the Board's clerk and president and the superintendent of schools on August 31, 1990, said date being exactly one year and 90 days after the cause of action accrued *(see,* General Municipal Law § 50-e [5]; CPLR 311 [7]; Education Law § 2101). A copy of the motion papers was served by certified mail deposited in a United States mailbox on August

30, 1990 addressed to the attorneys regularly employed by the School District. Service was complete upon said mailing *(see,* General Municipal Law § 50-e [3] [b]; [5]; CPLR 311 [7]; Education Law § 2101). Accordingly, respondents' contention of untimely service is meritless *(cf., Guastamacchia v New York City Dept. of Transp.,* 162 AD2d 587).

The right to serve a late notice of claim may be granted within the court's discretion upon due consideration of all relevant factors *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). Supreme Court properly concluded that the relief should be granted. Respondents had actual notice of the accident. The School District was aware of the accident on the day it occurred. Respondent Robert Sharland was the School District's employee and was driving the bus. The event was a front-page story in the local media and 26 students underwent medical examination as a result thereof. These circumstances should have alerted the School District to undertake a thorough investigation of the incident.

Delay here was occasioned by the fact that the true nature and extent of Lamica's injuries were not immediately apparent. Given the School District's notice of the incident, the delay in ascertaining Lamica's problem and the failure to establish prejudice to the School District aside from speculative statements of counsel, the relief granted was appropriate. Finally, we accept petitioner's explanation of the delay in concomitantly filing a notice of claim on her derivative cause of action.

Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.