■ In the Matter of FRANK ESPOSITO, Appellant, v CARMEL CENTRAL SCHOOL DISTRICT et al., Respondents.—Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered October 23, 1991 in Putnam County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner was injured on March 25, 1991 while home from

college on his spring break. At the time, he was informed by various doctors that the extent of his injuries would not be known until the swelling in his eye subsided. Upon learning in August 1991 that he may have to undergo surgery on his eye, petitioner retained an attorney who filed this application for leave to serve a late notice of claim on August 28, 1991. The only reason for Supreme Court's denial of petitioner's application is its belief that petitioner's excuse, that he was waiting to learn of the severity of his injuries, was not satisfactory.

While the reason for the delay is one factor to be considered, other factors include whether the public corporation had actual knowledge of the claim and whether any prejudice will occur from the delay (see, Matter of Annis v New York City Tr. Auth., 108 AD2d 643, 644). No one factor is dispositive of the issue (see, Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, 152). Not only do we disagree with Supreme Court's failure to find petitioner's excuse reasonable (see, Matter of Annis v New York City Tr. Auth., supra, at 645; see also, Matter of Lamica v Malone Cent. School Dist., 180 AD2d 885) but, in light of the determination on the other factors, the fact that petitioner may fail to allege a reasonable excuse for his delay is not fatal (see, Matter of Krohn v Berne-Knox-Westerlo Cent. School Dist., 168 AD2d 826). The baseball coach, respondent Robert Shilling, saw petitioner immediately after he was injured and knew that the assistant coach was taking petitioner to the hospital. These facts establish that respondents were furnished with actual knowledge of the essential facts of the claim within the 90-day statutory period (see, Matter of Frazzetta v Rondout Val. Cent. School Dist., 166 AD2d 843, 844; Matter of Tetro v Plainview-Old Bethpage Cent. School Dist., 99 AD2d 814, 815). In light of their knowledge and given that petitioner sought leave only two months after the 90-day filing period had expired, we fail to see how respondents will be prejudiced if petitioner is allowed to file a late notice (see, Swensen v City of New York, 126 AD2d 499, 500, lv denied 70 NY2d 602; Rechenberger v Nassau County Med. Ctr., supra, at 152). Under the circumstances, we find that it was an improvident exercise of Supreme Court's discretion to deny petitioner's application (see, Matter of Pierce v Town of Arkwright, 147 AD2d 981).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Harvey, JJ. Ordered that the order is reversed, on the law, with costs, and application granted.