■ In the Matter of RENEA HOLMES, an Infant, by ANN HOLLOWAY, Her Great-Grandmother and Guardian Ad Litem, Appellant, v CITY OF NEW YORK, Respondent.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered on or about September 9, 1991, which granted the infant petitioner's motion for renewal and, upon renewal, adhered to the court's prior determination denying her application for leave to file a late notice of claim, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting the motion with respect to the claim for injuries sustained by the infant petitioner and, except as so modified, affirmed, without costs.

The infant petitioner, Renea Holmes, was born on November 22, 1981 in Chapel Hill, North Carolina. In December 1981, she began residing with her maternal great-grandmother at an apartment located at 159 West 119th Street in the City and County of New York. The moving papers allege that, in late 1983, Renea was diagnosed at North General Hospital as suffering from lead poisoning; that the condition resulted from ingestion of lead-based paint in the subject premises; that the building has been owned by defendant since December, 1974 and was inspected by employees of the New York City Department of Health, Bureau of Lead Poisoning

Control on several occasions between June, 1983 and June, 1986; and that, as a result of the ingestion of lead-based paint, Renea has sustained personal injury.

Although the injury upon which the claim is based is alleged to have occurred in late 1983 (see, CPLR 214-c [3]), the petition seeking leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5) was not brought until November, 1990. Supreme Court denied the application on the ground that the seven-year delay deprived respondent of the opportunity to conduct a timely investigation of the circumstances surrounding the injury. Because of the unusual situation presented by this case, especially the pivotal role played by the New York City Department of Health, we conclude that the agency had actual notice of the essential facts underlying the claim within a reasonable time after the injury was discovered.

Although no complaint has yet been served, a fair reading of the moving papers indicates that the substance of the claim is that the Bureau of Lead Poisoning Control was negligent in failing to detect a harmful condition which resulted in injury to the infant, Renea Holmes. In essence, it is asserted that, upon diagnosis of the infant's condition, North General Hospital notified the Health Department, which thereupon undertook an inspection of the subject apartment. While no documentary evidence of such notice has been presented, "petitioner is not required to establish conclusively the merits of the claim at this stage in the litigation but only that there are sufficient facts to establish the reasonableness of said claims" (Matter of Logan v City of Albany, 154 AD2d 861, 862). An inspection by the Department of Health was first made on June 8, 1983 when a finding was made of "no cause of action" since the inspection revealed no evidence of peeling paint or defective walls. With no evidence of a change of circumstances, another inspection conducted on March 1, 1984 indicated "Elevated Lead Levels." While respondent maintains that the Health Department did not acquire actual knowledge of the presence of lead-based paint until a laboratory analysis was performed in June, 1986, this entry, in its own records, suggests otherwise Serious questions are presented as to the failure of defendant to abate a nuisance of which it had knowledge or should have had knowledge.

The mere passage of time is not alone a sufficient basis to deny leave to file a late notice of claim (Trejo v City of New York, 156 AD2d 164 [notice filed 13 years after injury]). The disability of infancy extends the statutory period during which

the court may exercise its discretion to permit the filing of a late notice (General Municipal Law § 50-e [5]; § 50-i [1] [c]; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). The Department of Health is charged with a statutory duty to investigate violations involving lead paint levels in housing accommodations (Administrative Code of City of NY § 27-2126 [b]; New York City Health Code [24 RCNY] § 173.13 [d] [2]), and any shortcomings in the conduct of that investigation are attributable to the agency. As observed in *Matter of Underwood v New York City Hous. Auth.* (177 AD2d 698, 699), the City "presumably was in possession of relevant maintenance records and has access to the petitioner's medical records regarding the treatment provided by the municipal hospital * * * which cared for the petitioner." Therefore, we conclude that no substantial prejudice will be sustained by respondent as a result of delay in the filing of a notice of claim.

As to the claim for loss of services, the Statute of Limitations is clearly a proper defense *(Trejo v City of New York, supra),* and there is no basis upon which to grant leave to file a late notice as to this claim. Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.