■ In the Matter of CHRISTINE ANDERSEN, an Infant, by DAVID ANDERSEN, Her Father and Natural Guardian, et al., Respondents, v BREWSTER CENTRAL SCHOOL DISTRICT, Appellant.—Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered August 30, 1991 in Putnam County, which partially granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

As long as an application to serve a late notice of claim is made within the time limit prescribed by General Municipal Law § 50-e (5), which is subject to a toll for infancy (CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256), the decision whether to grant such an application is discretionary *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671; *Matter of Frazzetta v Rondout Val. Cent. School Dist.,* 166 AD2d 843, 844).

We find no abuse of discretion by Supreme Court in granting petitioner Christine Andersen's application to serve a late notice of claim. The application was made almost 15 months after the accident which happened on May 19, 1990 when Andersen was five years old and fell from the top of a 12-foot high slide at the John F. Kennedy Elementary School in the Village of Brewster, Putnam County. Respondent was notified of the accident on the following Monday and the slide is still in the same condition at the same site. There is, therefore, no prejudice to respondent by allowing the filing of the late claim. The statute lists infancy as one of the relevant factors to be considered (General Municipal Law § 50-e [5]), and Supreme Court did so in exercising its discretion to grant the application for leave to file a late notice of claim. For this reason and for lack of prejudice as a result of the delay, we find that Supreme Court did not abuse its discretion in permitting the filing of a late notice of claim on behalf of Andersen *(see, Matter of Kurz v New York City Health & Hosps. Corp., supra)*.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.