■ In the Matter of MEREDITHE C., Respondent, v CARMEL CENTRAL SCHOOL DISTRICT, Appellant. [597 NYS2d 199] —Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered December 3, 1991 in Putnam County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

A court may exercise its discretion and grant an application for leave to serve a late notice of claim for up to one year and 90 days after accrual of the cause of action *(see,* General Municipal Law § 50-e [5]; § 50-i [1]; *Pierson v City of New York,*

56 NY2d 950, 954-955; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671). In addition, infancy can extend the time limit beyond the one year and 90-day period (CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). In making the determination to grant or deny such an application, no one factor listed in General Municipal Law § 50-e (5) is dispositive *(see, Rechenberger v Nassau County Med. Ctr.,* 112 AD2d 150, 152). Although the statute also lists infancy as a relevant factor to consider, infancy neither deprives the court of its discretion nor requires it to grant an application in every instance *(see, Matter of Kurz v New York City Health & Hosps. Corp., supra,* at 672).

Respondent initially contends that petitioner's application should have been denied because she failed to give any excuse for her delay or show that the delay was the product of infancy. Not only is the failure to allege a reasonable excuse for the delay not fatal *(see, Matter of Krohn v Berne-Knox-Westerlo Cent. School Dist.,* 168 AD2d 826; *Matter of Fast v County of Broome,* 151 AD2d 930), but "[a] petitioner is no longer required to establish that the delay is a product of the infancy" *(Matter of Kurz v New York City Health & Hosps. Corp., supra,* at 672). In any event, the record indicates that from 1987 to 1988 petitioner received treatment for psychiatric problems attributed to the alleged incidents of abuse by one of respondent's teachers. Petitioner was also experiencing problems with her family so that she could not go to them for guidance. At that time, petitioner was only 14 or 15 years old. In addition, petitioner did attempt to file a notice of claim within one month after she turned 18 years old.

We are also unable to conclude that respondent has been substantially prejudiced in defending against this claim as a result of the late filing. Evidence in the record establishes that respondent began an investigation into the conduct of the teacher involved as early as December 1985. During the course of respondent's investigation, petitioner gave a written statement in March 1986 regarding her specific experience with this teacher and this statement was cosigned by an assistant principal. The investigation continued and respondent ultimately spent well over a year in hearings to determine if the teacher should be dismissed. In addition, the teacher was involved in two criminal proceedings as a result of his alleged behavior. The fact that respondent may find it difficult because of the delay to locate other students who were involved is not a basis upon which to claim prejudice *(see, Matter of Kurz v New York City Health & Hosps. Corp.,*

*supra,* at 673). Any remaining claims by respondent have been examined and found lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the order is affirmed, with costs.