■ In the Matter of PAUL R. PLANTE, Appellant, v COUNTY OF RENSSELAER, Respondent. [611 NYS2d 353] —Cardona, P. J. Appeal from an order of the Supreme Court (Spain, J.), entered September 22, 1992 in Rensselaer County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner became an Associate Public Health Engineer and also Director of Environmental Health in Rensselaer County on June 2, 1986. On May 26, 1989 respondent, by letter from the Rensselaer County Executive, terminated petitioner from employment after adopting the findings of the Hearing Officer who found various acts of misconduct and insubordination. Petitioner's dismissal was confirmed in this Court on December 5, 1991 and leave to appeal to the Court of Appeals was denied (see, Matter of Plante v Buono, 172 AD2d 81, lv denied 79 NY2d 756). Petitioner moved by order to show cause dated March 6, 1992 for an order granting him leave to file a late notice of claim against respondent on the basis that his termination resulted solely from respondent's belief that he was disabled in violation of Executive Law § 296. His application was denied and this appeal ensued.

We affirm. Supreme Court did not abuse its discretion by denying petitioner's application. The trial court is vested with broad discretion in determining whether a late notice of claim should be permitted (see, Matter of Logan v City of Albany, 154 AD2d 861). Obviously, one important factor to consider is the reason for the delay. Petitioner argues that he did not file timely because, after his termination in May 1989, he was not able to concentrate in order to make decisions and he was unaware of the notice requirement. The proffered excuses are not sufficient (see, Matter of Andrews v Village of Sherburne, 140 AD2d 790, lv denied 72 NY2d 807; Giordano v New York City Hous. Auth., 128 AD2d 671). In any event, the record indicates that petitioner knew of the notice of claim requirement shortly after the expiration of the 90-day period but did not proceed with the application for over two years. Petitioner, after consultation with his attorney, decided that it would be better for him to commence a proceeding to chal-

lenge the termination and if that was unsuccessful he would then apply for permission to file and serve a late notice of claim. Under these circumstances, the long delay was inexcusable *(see, Matter of Morgan v City of Elmira,* 115 AD2d 885, 887, *appeal dismissed* 67 NY2d 905) and the application was properly denied.

Although it is not necessary to conclusively establish the merits of the claim *(see, Matter of Logan v City of Albany, supra,* at 862), it is noted that petitioner is collaterally estopped from relitigating the reasons for his termination, i.e., misconduct and insubordination, because the courts have already confirmed that determination *(see, Conti v Lende,* 194 AD2d 892, *lv denied sub nom. Conti v Albany Med. Ctr.,* 82 NY2d 657). The prior CPLR article 78 proceeding afforded petitioner a full and fair opportunity to litigate the reasons for his termination *(see, Mahota v City of Hudson,* 179 AD2d 845, *lv denied* 79 NY2d 760).

We have considered the remaining arguments and find them to be without merit.

Mercure, White and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.