In the Matter of BONNIE J. CURE, Individually and as Parent of JOSEPH L. CURE, an Infant, Respondent, v CITY OF HUDSON SCHOOL DISTRICT, Appellant. [634 NYS2d 884] —Mikoll, J. P. Appeal from that part of an order of the Supreme Court

(Connor, J.), entered October 31, 1994 in Columbia County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On October 19, 1987, infant claimant Joseph L. Cure (then age 10) was injured while participating in a swim program conducted by respondent at Hudson High School in Columbia County. Joseph's injuries included an intracerebral hemorrhage resulting in, among other disabilities, a permanent partial paralysis of the right side of his body.

In February 1994, Joseph's mother, petitioner herein, made this application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. Supreme Court partially granted the application, denying leave to petitioner individually but granting petitioner permission to file a late notice of claim on behalf of Joseph. Respondent appeals.

Supreme Court has the discretionary power to excuse the late filing of a notice of claim against a public corporation (*see,* General Municipal Law § 50-e [5]; *see also, Matter of Moore v Albany County Dept. of Health,* 198 AD2d 691, 692). Among the factors to be considered by the court in its exercise of such discretion are (1) whether the petitioner has presented a reasonable excuse for the delay, (2) whether the public corporation had actual knowledge of the facts surrounding the claim within 90 days or within a reasonable time after it arose, (3) whether the delay would substantially prejudice the defense of the case, and (4) the infancy of the claimant (*see, Matter of Meredithe C. v Carmel Cent. School Dist.,* 192 AD2d 952, 953; *Matter of Perry v City of New York,* 133 AD2d 692, 693).

We find that Supreme Court did not abuse its discretion here. The delay in filing was occasioned by, *inter alia,* the time which elapsed before petitioner had ascertained the extent and permanency of the infant's disabilities as well as by petitioner's mistaken belief that the filing deadline would be tolled by her son's infancy (*see, Matter of Osborn v Board of Educ.,* 5 AD2d 929, 930). As to the notice factor, it is evident that respondent had timely notice of the facts giving rise to the claim as well as its own potential liability (*see, Matter of Nichols v Board of Educ.,* 166 AD2d 846). Respondent's employees were present when the infant was injured and repeatedly contacted him and his family both immediately after the accident and for months subsequent thereto to check on his recovery. As to the third factor listed above, we find that there has been no convincing showing that the delay in filing will cause undue prejudice to respondent (*see, Matter of Andersen v Brewster Cent. School*

*Dist.*, 189 AD2d 1068, 1069). These factors, together with the obvious infancy and physical infirmity of the infant, are sufficient to support the conclusion that Supreme Court did not abuse its discretion.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.