■ In the Matter of CYNTHIA REKEMEYER, Individually and as Administrator of the Estate of JUSTIN L. REKEMEYER, Deceased, Appellant, v MICHAEL CERONE, as Town of Colonie Patrolman, et al., Respondents. [648 NYS2d 795] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered August 16, 1995 in Albany County, which partially granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

At approximately 1:54 A.M. on June 10, 1994, decedent was killed in a motorcycle accident that occurred on Vly Road in the Town of Colonie, Albany County. At the time of the accident, patrol cars operated by respondents Michael Cerone and Charles Palladino, two Town police officers, allegedly were parked side by side on Vly Road. As decedent rounded a curve in the road, operating his motorcycle at what was estimated to be a high rate of speed, he apparently encountered the patrol vehicles, swerved off the road and struck a tree.

Thereafter, at approximately 4:30 A.M. respondent Joseph Fitzsimmons, also a member of the Town's police department,

proceeded to petitioner's home and informed her that decedent, her son, had been killed. In response to a question regarding the location of decedent's body, Fitzsimmons allegedly informed petitioner that her son had been taken to the morgue at Albany Medical Center Hospital. Residents living near the scene of the accident, however, apparently later informed petitioner that decedent's body had been left lying in the road for several hours following the accident while the scene was photographed and videotaped.

Petitioner received limited letters of administration in May 1995 and, by order to show cause dated June 5, 1995, applied for permission to serve a late notice of claim upon Cerone, Palladino, Fitzsimmons and respondent Town of Colonie alleging, *inter alia*, wrongful death and deprivation of her common-law right of access to decedent's body. By order entered August 16, 1995 Supreme Court partially granted petitioner's application by permitting petitioner's claim for wrongful death. Petitioner subsequently moved for reconsideration, and by order entered September 29, 1995 Supreme Court denied petitioner's application in this regard. Petitioner, as so limited by her brief, now appeals from so much of Supreme Court's August 16, 1995 order as denied her claim with respect to the deprivation of her common-law right to access to decedent's body.*

General Municipal Law § 50-e (5) provides that upon application the court may, in its discretion, extend the time in which to serve a notice of claim against a public corporation. Among the factors to be considered by the court in determining such an application are whether the petitioner has presented a reasonable excuse for the delay, whether the public corporation had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the petitioner was incapacitated during the 90-day period and whether the public corporation would suffer substantial prejudice as a result of the delay (*see, Matter of Cure v City of Hudson School Dist.*, 222 AD2d 879; *Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863, 863-864).

As a starting point, petitioner's contention that she lacked knowledge of the facts giving rise to this particular claim prior to the expiration of the statutory period is belied by the record. Published accounts of decedent's accident, which listed the

* To the extent that petitioner purports to appeal from Supreme Court's September 29, 1995 order denying her application for reconsideration, we need note only that Supreme Court properly characterized petitioner's motion as one to reargue, the denial of which is not appealable (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

time of death as 1:54 A.M., appeared in local newspapers shortly after his death, thereby alerting petitioner to the initial 2$^1$/$_2$-hour delay between the time of decedent's death and the time that she received notification thereof. Additionally, petitioner authored a letter to Helen Altman, a Town Attorney, on September 3, 1994 (within the statutory period), wherein she indicated that it had been brought to her attention that decedent had been left lying in the road for hours after his death. Even accepting petitioner's assertion that she did not become aware of the exact period of time that decedent remained at the scene until March 1995 and, further, that respondents hindered her efforts in this regard, the record nonetheless supports a finding that petitioner was possessed of sufficient information prior to the expiration of the statutory period to support her claim in this regard (*compare, Matter of Esposito v Carmel Cent. School Dist.*, 187 AD2d 854 [true extent of the petitioner's injuries not immediately ascertainable]; *Matter of Lamica v Malone Cent. School Dist.*, 180 AD2d 885 [same]).

It must be remembered, however, that no one statutory factor is determinative (*see, e.g., Matter of Esposito v Carmel Cent. School Dist., supra*), and while petitioner's September 1994 letter to Altman evidenced petitioner's knowledge, within the statutory period, of facts sufficient to support her claim, it likewise provided respondents with actual knowledge of the nature of her claim within such period. Finally, respondents have not articulated with any degree of particularity the substantial prejudice that purportedly would result if petitioner were permitted to file a claim for deprivation of access to decedent's body. Although respondents argue that permitting such a claim would deprive them of the opportunity to conduct a further investigation on this point, the fact remains that any further inquiry into this matter would not alter the length of time that decedent remained at the scene on the morning in question, whether there was a lawful purpose for the apparent delay in removing decedent's remains or Fitzsimmons' reasons for notifying petitioner of her son's death in the fashion alleged. Accordingly, viewing the record as a whole and considering all of the relevant statutory factors, we must conclude that Supreme Court abused its discretion in failing to permit petitioner to file a late notice of claim for deprivation of access to decedent's body.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's application

for leave to serve a late notice of claim for deprivation of access to decedent's body; application granted to that extent; and, as so modified, affirmed.