■ SANTIAGO ALI, an Infant, by His Mother and Natural Guardian, CARMEN ALI, et al., Appellants, v BUNNY REALTY CORP. et al., Respondents. [676 NYS2d 166] —Order, Supreme Court, New York County (Robert Lippman, J.), entered on or about January 9, 1997, which granted defendant New York City Housing Authority's (NYCHA) motion to dismiss the complaint for failure to serve a timely notice of claim, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied, the complaint reinstated, and plaintiffs' cross motion for leave to file a late notice of claim granted.

The infant plaintiff and his mother lived in an apartment at 65 Nagle Avenue in Manhattan from January 1994 to October 2, 1995. The building is owned by defendants Bunny Realty Corp. and Steven Harris. The tenancy was subsidized pursuant to the United States Department of Housing and Urban Development's Section 8 program, whereby eligible tenants receive a Federal rent subsidy in the form of a voucher (42 USC § 1437f; 24 CFR part 982). Under the Federal scheme, the subsidy program is administered by a local Public Housing Authority (PHA) (see, 24 CFR 982.51), in this case defendant NYCHA. Pursuant to its Section 8 administrative duties, NYCHA was required in certain circumstances to inspect dwelling units for the presence of lead-based paint. In brief, the Federal regulations require that all Section 8 housing units be inspected prior to occupancy, and once a year thereafter (see, 42 USC § 4822; 24 CFR 35.1—35.24, 882.109 [i]; 882.116 [o]). The owner of the premises, not the PHA, was responsible for any abatement (24 CFR 982.452). The PHA had no enforcement power with respect to the lead-paint regulations; the remedy available was to cancel the Section 8 housing contract (24 CFR 982.453).

On September 20, 1994, the infant plaintiff was diagnosed as having an elevated level of lead in his blood, measuring 26 ug/dl. As a result, the NYC Department of Health (DOH) conducted an inspection and determined that the paint in the apartment had excessive levels of lead in it, which posed a danger to the life and health of the child. The inspectors also confirmed the infant's high blood level. Accordingly, on November 23, 1994, DOH issued an order requiring the owner to abate the nuisance.

Plaintiff filed a notice of claim against the City on May 17, 1995, and a General Municipal Law § 50-h hearing was held on July 11, 1995. However, plaintiff did not file a notice of claim against NYCHA until September 11, 1996. In his com-

plaint, plaintiff alleges, *inter alia*, that NYCHA failed to comply with the Federal regulations requiring it to conduct inspections for lead paint.

NYCHA moved to dismiss the complaint for failure to file a timely notice of claim (General Municipal Law § 50-e [1]), and plaintiff cross-moved for leave to file a late notice of claim. The IAS Court granted the motion to dismiss, apparently rejecting plaintiff's arguments that NYCHA had actual notice of his claim and that NYCHA would not be prejudiced by the late notice.

"It is well settled that a court has broad discretion to grant permission to file a late notice of claim" (*Davis v City of New York*, 250 AD2d 368, 369). While a notice of claim must generally be filed within 90 days after the claim arises (General Municipal Law § 50-e [1]), a court, in its discretion, may extend the time for such service after consideration of certain factors (General Municipal Law § 50-e [5]). Among the factors that may be considered are whether the municipal defendant acquired actual knowledge of the essential facts constituting the claim within the 90-day period or a reasonable time thereafter, whether the claimant was an infant or was incapacitated, whether in serving the notice the claimant made an "excusable error" concerning the identity of the municipal defendant to be served and whether the delay prejudiced the defendant's ability to maintain a defense (General Municipal Law § 50-e [5]).

Consideration of these factors militates in favor of granting plaintiff's cross motion for leave to file a late notice of claim (*see, Melendez v City of New York*, 245 AD2d 564). The infant plaintiff was three or four years old during the period of ingestion, and contrary to NYCHA's argument that plaintiff must demonstrate a nexus between his infancy and the delay in filing the notice, a 1976 amendment to the statute eliminated this requirement (L 1976, ch 745; *see, Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671, 672). Additionally, in light of the fact that the City defendant was served with a timely General Municipal Law § 50-e (1) notice, there is a strong likelihood that the failure to serve NYCHA was the result of an excusable error regarding the identity of the proper municipal parties to serve (*see, Lopez v New York City Tr. Auth.*, 248 AD2d 258), rather than any lack of diligence on the part of the plaintiff. Such omission is even more understandable given that NYCHA was not the owner of the property, but rather played a far less conspicuous role, arising out of its obligation to conduct lead-paint inspections under Federal law.

Further, there is no evidence that permitting this late filing will prejudice NYCHA in its defense of this suit. Presumably, records of the Department of Health inspections and the violation notices remain in existence (*see, Matter of Underwood v New York City Hous. Auth.*, 177 AD2d 698, 699). Similarly, the transcript of the General Municipal Law § 50-h hearing held in July 1995 against the City provides a contemporaneous tool to assess plaintiff's claim.

Although NYCHA argues that it never received actual knowledge of the facts constituting the claim within the 90-day period, the statute makes clear that this is only one factor, albeit an important one, that a court must consider. In any event, we see little logic in this argument under these circumstances since NYCHA's failure to acquire knowledge of the claim (i.e., by way of inspection records) may have been the result of NYCHA's dereliction of its duty to inspect in the first place (*see, Matter of Holmes v City of New York*, 189 AD2d 676, 677-678).

NYCHA's arguments relating to the lack of viability of plaintiff's causes of action against it are also rejected. The plaintiff "is not required to establish conclusively the merits of the claim at this stage in the litigation but only that there are sufficient facts to establish the reasonableness of said claims" (*Matter of Logan v City of Albany*, 154 AD2d 861, 862; *see also, Weiss v City of New York*, 237 AD2d 212). Although NYCHA contends that it cannot be sued because only the owner is responsible for lead-paint abatement under the applicable law, and that the Federal regulations have been amended to extinguish a private right of action against public housing administrators, neither of these defenses have been sufficiently demonstrated to warrant our intervention on this appeal, which relates solely to the notice of claim issue. Concur—Milonas, J. P., Wallach, Rubin and Mazzarelli, JJ.