OPINION OF THE COURT
Richard F. Braun, J.
Petitioner has brought this special proceeding to obtain *906 permission to serve and file a late notice of claim. Respondent opposes the proceeding on several grounds, only one of which need be addressed by this court.
Petitioner wants to assert claims of negligence, recklessness, and nuisance on the part of respondent. The claims grow out of a motor vehicle accident, which was allegedly caused by a defective traffic signal light.
In petitioner’s affidavit and her attorney’s affirmation in support of this proceeding, they make the following assertions. On June 3, 1997 at approximately 6:55 a.m., petitioner was operating a motor vehicle, owned by respondent. She states that she was doing so in the course of her employment with the New York City Department of Transportation, and with the knowledge and consent of her employer. To show that respondent had actual notice of the claim, petitioner’s attorney asserts that petitioner filed a workers’ compensation claim against respondent, has had a case number assigned, and has been receiving workers’ compensation benefits to date.
Respondent relies upon the above admissions to aver that workers’ compensation is the exclusive remedy of petitioner. Respondent thus asserts that the proceeding should be denied. Petitioner’s attorney does not address this argument in his reply affirmation but only contends again that the filing of the workers’ compensation claim gave respondent actual knowledge of the accident and sufficient notice to investigate the claim.
Respondent is correct. “Workmen’s compensation is an exclusive remedy as a matter of substantive law”. (Murray v City of New York, 43 NY2d 400, 407 [1977].) Petitioner’s applying for, being awarded, and accepting workers’ compensation benefits bars petitioner’s claim under the exclusive remedy of Workers’ Compensation Law §§ 10 and 11 (Diakakis v Bedrick, 244 AD2d 167, 168 [1st Dept 1997]).
A petitioner in a late notice of claim proceeding need not definitively demonstrate that his or her claim is meritorious but only must show that sufficient facts exist to establish that his or her claims are reasonable (see, Ali v Bunny Realty Corp., 253 AD2d 356 [1st Dept 1998]). Here, though, petitioner has admitted conclusively that there is a defense that respondent has which will defeat any action brought on her claims, and respondent asserts that defense. Petitioner has completely undermined her own claims and thus had demonstrated that they are not reasonáble as a matter of law.
*907 It would be a waste of limited judicial resources to exercise this court’s discretion, and permit petitioner to serve and file her late notice of claim. Based thereon, petitioner could then commence an action on her claims. Respondent could then assert its workers’ compensation exclusivity defense in its answer to the complaint. Then the action would be dismissed. There is no point in letting petitioner’s claims take that course when respondent has already asserted the defense that will determine the claims. Respondent’s claims should be terminated at this stage, and this proceeding denied.