■ In the Matter of the Claim of JOSHUA HARWOOD, an Infant, by FLORENCE MURNANE, His Mother and Guardian, Respondent, v COUNTY OF ALBANY, Appellant. [682 NYS2d 736] —Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 26, 1998 in Albany County, which, *inter alia*, granted petitioner's cross application for leave to file a late notice of claim.

On September 4, 1997, petitioner filed a notice of claim which alleged that respondent acted negligently in performing lead testing upon various properties located in the City of Cohoes, Albany County. In November 1997, respondent moved to strike the notice of claim as untimely and petitioner thereafter cross-moved for leave to file a late notice of claim. Supreme Court denied respondent's motion and granted petitioner's cross motion. Respondent appeals.

General Municipal Law § 50-e states that in an action against a public corporation, a notice of claim must be served within 90 days after the claim arises. A court may, however, extend the time to serve a notice of claim after considering whether the petitioner was an infant or was incapacitated,

whether the public corporation had actual knowledge of the essential facts constituting the claim, and whether the delay substantially prejudiced the public corporation in maintaining its defense (*see*, General Municipal Law § 50-e [5]; *Matter of Rekemeyer v Cerone*, 232 AD2d 833, 834), although no one factor is dispositive (*see*, *Matter of Meredithe C. v Carmel Cent. School Dist.*, 192 AD2d 952).

Acknowledging that the decision to extend the time to serve a notice of claim is reserved to the sound discretion of the trial court, which should not be overturned unless there has been an abuse of discretion (*see*, *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 265; *Matter of Kelli A. v Galway Cent. School Dist.*, 241 AD2d 883, 884), we find no basis to disturb the decision rendered. Respondent's records contain the history of petitioner's file, including his medical treatment and the lead inspections. They detail that from 1985 to 1992, respondent's health facility performed nine blood tests on petitioner which indicated an elevated lead level, warranting hospitalizations on two separate occasions. Respondent's health officials tested two of petitioner's residences in relation to his file and one of his former residences which he continued to frequent. That residence was found to have lead hazards; however, petitioner was apparently not notified and continued to be exposed. Upon this cumulative showing, we find that respondent had actual knowledge of the essential facts of the claim within a reasonable time after the injury was discovered (*see*, *Matter of Holmes v City of New York*, 189 AD2d 676; *Matter of Logan v City of Albany*, 154 AD2d 861).

In so finding, we reject the contention that petitioner's failure to give any excuse for his delay (*see*, *Matter of Krohn v Berne-Knox-Westerlo Cent. School Dist.*, 168 AD2d 826) or show that the delay was the product of infancy (*see*, *Ali v Bunny Realty Corp.*, 253 AD2d 356; *Matter of Meredithe C. v Carmel Cent. School Dist.*, 192 AD2d 952, *supra*) was fatal. Further, upon respondent's failure to show that the lapse in time between when the claim arose and the notice was filed substantially prejudiced respondent, we affirm.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.