[685 NYS2d 855]

CYNTHIA REKEMEYER, Individually and as Administrator of the Estate of JUSTIN L. REKEMEYER, Deceased, Respondent, v MICHAEL CERONE, as Town of Colonie Patrolman, et al., Defendants, and JOSEPH FITZSIMMONS, as Town of Colonie Sergeant, et al., Appellants.

Third Department, February 18, 1999

**APPEARANCES OF COUNSEL**

*Cusick, Hacker & Murphy, L. L. P.,* Latham *(Roger J. Cusick* of counsel), for appellants.

*Lewis B. Oliver, Jr.,* Albany *(Lorraine Lewandrowski* of counsel), for respondent.

**OPINION OF THE COURT**

CREW III, J.

Plaintiff's son (hereinafter decedent) was killed in a motorcycle accident that occurred on Vly Road in the Town of Colonie, Albany County, at approximately 1:54 A.M. on June 10, 1994. The record reflects that the Albany County Coroner was dispatched to the scene of the accident at approximately 4:21 A.M. and that plaintiff was notified of decedent's death at approximately 4:30 A.M. by defendant Joseph Fitzsimmons, a Sergeant with the Town of Colonie Police Department. Upon learning of decedent's demise, plaintiff allegedly asked Fitzsimmons if she could view decedent's remains. According to

plaintiff, Fitzsimmons advised her that decedent had been transported to the morgue at Albany Medical Center Hospital. The record indicates, however, that at the time Fitzsimmons allegedly made such statement, decedent's remains had not yet been removed from the accident scene.

After she was granted permission to file a late notice of claim (*see, Matter of Rekemeyer v Cerone*, 232 AD2d 833), plaintiff commenced this action against defendants alleging wrongful death and deprivation of her common-law right of access to decedent's body. Defendants answered and moved for summary judgment dismissing the amended complaint in its entirety, but Supreme Court denied the motion pending further discovery. After the completion of such discovery, defendants moved to renew their motion for summary judgment. In response thereto, plaintiff withdrew her cause of action for wrongful death but opposed defendants' motion as to her second cause of action for deprivation of access to decedent's remains. Upon renewal, Supreme Court granted summary judgment as to defendants Michael Cerone and Charles Palladino, two Town of Colonie police officers, but denied summary judgment as to defendant Town of Colonie and Fitzsimmons (hereinafter collectively referred to as defendants). This appeal by defendants ensued.

Although we acknowledge that a surviving parent has a common-law right of access to the remains of his or her deceased child (*see generally, Darcy v Presbyterian Hosp.*, 202 NY 259), we cannot accept plaintiff's assertion that such right, in turn, imposes an absolute and unqualified duty upon municipal officials to immediately notify a decedent's next of kin of his or her demise and to grant such next of kin the right to immediate possession of the decedent's remains. In this regard, a review of plaintiff's amended complaint reveals that her cause of action for denial of access to decedent's remains alleges, in essence, two separate and distinct wrongs—(1) what plaintiff asserts was an unnecessarily lengthy on-site accident investigation which, in turn, resulted in an inordinate delay in transporting decedent to the morgue and notifying her of his death, and (2) Fitzsimmons' alleged misrepresentations as to the location of decedent's body at the time such notification was made. For the reasons that follow, we conclude that only the latter of these alleged misdeeds is actionable.

As to any "prenotification delay" occasioned by the scope and length of the on-site investigation into decedent's death, we agree that liability cannot be imposed in the absence of a

"special relationship" between plaintiff and defendants. The elements of such a relationship are: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260). In the absence of a special relationship, "a municipality does not owe a duty to its citizens in the performance of governmental functions, and thus courts will not examine the 'reasonableness' of the municipality's actions" (*Sorichetti v City of New York*, 65 NY2d 461, 468). As the record reveals that plaintiff cannot demonstrate that a special relationship existed between her and defendants with respect to the investigation of decedent's death, liability simply cannot be imposed upon defendants for any corresponding delay in transporting decedent's remains or notifying plaintiff of decedent's death.

In reaching this result, we acknowledge that the matter presently before us is not a "classic" special relationship case, which typically involves the failure of a municipality to provide adequate police or fire protection (*see, e.g., Kircher v City of Jamestown*, 74 NY2d 251; *Cuffy v City of New York, supra*). Indeed, plaintiff's contention here, as amplified by the affidavits submitted in opposition to defendants' motion for summary judgment, is quite the opposite—namely, that there was no need for a protracted investigation into decedent's death and, more to the point, that there was no legitimate investigative purpose for retaining decedent's remains at the accident site for the period of time involved. The special relationship rule, however, is grounded upon the premise that "a municipality's provision of police protection to its citizenry has long been regarded as a resource-allocating function that is better left to the discretion of policy makers" (*Cuffy v City of New York, supra*, at 260). In our view, the scope, nature and extent of a postaccident investigation is as much a discretionary, resource-allocating function as is the over-all provision of police protection and, hence, the policy considerations underlying the special relationship rule apply with equal force here.

We reach a contrary conclusion, however, with respect to that portion of plaintiff's second cause of action that seeks recovery for Fitzsimmons' alleged misrepresentations to plaintiff regarding the location of decedent's body at the time

notification of his death was provided. "The case law is clear that, even when no original duty is owed to the plaintiff to undertake affirmative action, once it is voluntarily undertaken, it must be performed with due care" (*Parvi v City of Kingston*, 41 NY2d 553, 559 [citations omitted]).

In this regard, plaintiff has alleged that upon learning of decedent's death, she asked Fitzsimmons if she could see decedent's remains. According to plaintiff, Fitzsimmons advised her that decedent already had been transported to the morgue for an autopsy. Similarly, plaintiff's companion, who was present when Fitzsimmons made the notification, averred that he specifically asked Fitzsimmons, "Where is [decedent] now?", to which Fitzsimmons alleged replied, "He's at Albany Med." Although Fitzsimmons could not recall at his examination before trial whether he was asked the precise location of decedent's remains during the foregoing conversation, he acknowledged that despite the fact that the coroner had been dispatched, there was a possibility that decedent's body still was at the accident scene, which allegedly was three miles from plaintiff's residence, when he notified plaintiff of decedent's death. Additionally, Fitzsimmons admitted that plaintiff asked to see decedent and that he told her she would have to go to the morgue for that purpose. Plainly, the substance of the conversation between plaintiff, her companion and Fitzsimmons and the misrepresentations, if any, made by Fitzsimmons during that conversation are questions of fact for a jury to consider and summary judgment was properly denied on this basis.

■ Finally, with respect to plaintiff's claim for punitive damages against defendants, it is apparent that Supreme Court erred in failing to dismiss such claim against the Town, as punitive damages cannot be assessed against a municipality (*see*, *Sharapata v Town of Islip*, 56 NY2d 332, 334). We reach a similar conclusion with respect to the claim for punitive damages asserted against Fitzsimmons. Assuming, without deciding, that Fitzsimmons indeed deceived plaintiff regarding the location of decedent's body at the time notification was made, there simply is nothing in the record to substantiate plaintiff's conclusory assertion that such conduct was "so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Rinaldo v Mashayekhi*, 185 AD2d 435, 436). Accordingly, plaintiff's claim for punitive damages is dismissed.

[1] To summarize, at the impending trial in this matter, plaintiff's proof with respect to her cause of action for depriva-

tion of her common-law right of access to decedent's body will be limited to establishing that Fitzsimmons voluntarily undertook a duty to inform her of decedent's death, that he failed to perform such duty with reasonable care and that plaintiff suffered damages as a proximate result thereof. No recovery may be had for any delay in transporting decedent's remains to the morgue or notifying plaintiff of decedent's death, and no claim for punitive damages may be asserted.

MERCURE, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of defendant's motion for summary judgment seeking dismissal of plaintiff's claim for punitive damages and, further, that portion of plaintiff's second cause of action asserting claims for the alleged delay in transporting decedent's remains to the morgue and/or notifying plaintiff of decedent's death; motion granted to said extent and plaintiff's claims for punitive damages and the alleged delay in transporting decedent's remains to the morgue and/or notifying plaintiff of decedent's death are dismissed; and, as so modified, affirmed.