■ In the Matter of DEBRA A. HUNT, Respondent, v COUNTY OF MADISON et al., Appellants. [690 NYS2d 154] —Yesawich Jr., J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered October 1, 1998 in Madison County, which granted

petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

While an inmate at the Madison County Jail, petitioner was allegedly subjected to sexual misconduct by a correction officer on April 10, 1998 and again on April 13, 1998. Petitioner reported the incidents to the officer's employer, respondent Madison County Sheriff's Department, on April 22, 1998. The ensuing investigation resulted in criminal charges being filed against the officer. By order to show cause dated July 28, 1998, petitioner moved for leave to file a late notice of claim (*see,* General Municipal Law § 50-e [5]). Supreme Court granted the motion and respondents appeal.

The decision to permit late filing of a notice of claim is a discretionary one involving the balancing of a number of factors (*see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 265, n 3; *Matter of Harwood v County of Albany,* 257 AD2d 747, 748). As relevant here, those factors include whether respondents acquired actual knowledge of the facts constituting the claim within 90 days after it arose and whether respondents will be prejudiced if late filing is allowed (*see, Matter of Doe v Madrid-Waddington Cent. School Dist.,* 232 AD2d 922, 923; *Matter of Rekemeyer v Cerone,* 232 AD2d 833, 834). Supreme Court, not unreasonably in our view, concluded that respondents had knowledge of the essential facts underlying petitioner's claim and would not be prejudiced by a late filing. Within two weeks of their happening, petitioner reported the alleged incidents to the Sheriff's Department and, shortly thereafter, the events underlying petitioner's claim were investigated by both the Madison County District Attorney's Office and the Sheriff's Department. In light of respondents' opportunity to investigate her allegations so soon after they occurred, it is difficult to perceive how respondents would be prejudiced by granting petitioner's application.

Lastly, we find unconvincing respondents' argument that Supreme Court should have denied the application because petitioner's proffered excuse—she was afraid of retaliation while still in jail and, further, that she was unaware of the 90-day requirement—is unreasonable. It is sufficient to note, without more, that the failure to offer a reasonable excuse is not fatal where, as in this instance, actual notice was had and there is no compelling evidence of prejudice to respondents (*see e.g., Matter of Lawrence v County of Sullivan,* 233 AD2d 609, 610; *Matter of Frazzetta v Rondout Val. Cent. School Dist.,* 166 AD2d 843, 844).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.