Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion for summary judgment denied.

■ In the Matter of MICHAEL DROZDZAL, an Infant, by JACQUELINE DROZDZAL, His Mother and Guardian, Respondent, v RENSSELAER CITY SCHOOL DISTRICT et al., Appellants. [716 NYS2d 435] —Mercure, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered August 12, 1999 in Rensselaer County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

In April 1999, petitioner sought leave to file a late notice of a claim for damages arising out of the alleged mistreatment of her son (hereinafter the child) from September 1995 to January 1997 by one of his teachers, employed by respondent Rensselaer City School District. Supreme Court granted the application and respondents appeal. Because we conclude that Supreme Court acted within its discretion in granting the application, we affirm.

Supreme Court has the discretion to extend the time within which to serve a notice of claim, so long as the application is made before the one year and 90-day Statute of Limitations has expired (*see*, General Municipal Law § 50-e [5]; § 50-i [1] [c]; *Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779). Where, as in this case, the putative plaintiff is an infant, the Statute of Limitations is tolled until his or her 18th birthday (*see, id.*; *Simons v Sherburne-Earlville Cent. School Dist.*, 233 AD2d 592). Among the factors to be considered by the court in its exercise of such discretion are (1) whether the

petitioner has presented a reasonable excuse for the delay, (2) whether the public corporation had actual knowledge of the facts surrounding the claim within 90 days or within a reasonable time thereafter, (3) whether the delay would substantially prejudice the defense of the case, and (4) the infancy of the claimant (*Matter of Cure v City of Hudson School Dist.*, 222 AD2d 879, 880; *see, Matter of Meredithe C. v Carmel Cent. School Dist.*, 192 AD2d 952, 953; *Matter of Perry v City of New York*, 133 AD2d 692, 693).

Here, petitioner states that she contacted school officials shortly after she learned of the incidents involving her son, and it is undisputed that the School District received other similar complaints and in fact reprimanded the teacher, thereby providing adequate support for Supreme Court's conclusion that the School District received notice of the central facts surrounding the claim within a reasonable time. Notably, the School District's investigation of the teacher's conduct in 1999 uncovered evidence of similar instances occurring over the course of "at least the [previous] three years," which would have encompassed the present claim. Further, although we are not persuaded by petitioner's explanation that she failed to file a timely notice of claim because she was "too preoccupied with [the child's] problems and was not aware of [their] rights and the need to file a [n]otice of [c]laim," the failure to offer a reasonable excuse for the delay in filing a notice of claim is not fatal where, as here, actual notice was had and there is no compelling showing of prejudice to respondents (*see, Matter of Hunt v County of Madison*, 261 AD2d 695, 696).

Finally, we reject the contention that the notice of claim was defective for want of specificity; in our view, the notice sufficiently sets forth both the nature of the child's injuries and the time frame in which they occurred (*cf., Matter of Lucy L. v County of Westchester*, 149 AD2d 707).

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.