SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1022

CA 11-00699

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

JANE DOE, CLAIMANT-RESPONDENT,

V                                                                     MEMORANDUM AND ORDER

NORTH TONAWANDA CENTRAL SCHOOL DISTRICT,
RESPONDENT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (JULIA M. HILLIKER OF COUNSEL), FOR
RESPONDENT-APPELLANT.

O'BRIEN BOYD, P.C., WILLIAMSVILLE (CHRISTOPHER J. O'BRIEN OF COUNSEL),
FOR CLAIMANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 16, 2011. The order, insofar as appealed from, granted the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim upon respondent (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Melissa G. v North Babylon Union Free School Dist*., 50 AD3d 901, 902). The claim seeks damages from respondent for injuries allegedly sustained by claimant as the result of alleged sexual abuse by a male teacher employed by respondent. At the time of the alleged sexual abuse, claimant was seven or eight years old. Claimant alleges, inter alia, that respondent was negligent in supervising that teacher and in failing to create and implement policies to prevent and address such abuse.

The record establishes that claimant had a reasonable excuse for her delay in serving the notice of claim based upon her infancy at the time the notice of claim should have been served (*see Matter of Trusso v Board of Educ. of Jamestown City School Dist*., 24 AD3d 1302), along with the refusal of her legal guardians to initiate a claim on her behalf at that time. Claimant, moreover, filed the instant application the very day after her 18th birthday (*see Matter of Meredithe C. v Carmel Cent. School Dist*., 192 AD2d 952, 953). The record further establishes that, during the time period in which the alleged sexual abuse occurred with respect to claimant, respondent conducted an investigation of the teacher's conduct based upon

accusations of sexual abuse made by other students.  That conduct by the teacher resulted in his arrest, prosecution and conviction, and was the basis for civil actions initiated against respondent on behalf of those students.  We conclude, therefore, that respondent had actual notice of the essential facts underlying the instant claim within a reasonable time (*see Matter of Drozdzal v Rensselaer City School Dist*., 277 AD2d 645, 646; *Matter of Kelli A. v Galway Cent. School Dist*., 241 AD2d 883, 884-885; *Meredithe C.*, 192 AD2d at 953).  Finally, we conclude that there has been no substantial prejudice to respondent based on the delay and that, indeed, the evidence submitted by respondent fails to demonstrate that its ability to defend itself against the claim has been impaired (*see Mindy O. v Binghamton City School Dist*., 83 AD3d 1335, 1337-1338; *Matter of Andrew T.B. v Brewster Cent. School Dist*., 18 AD3d 745, 748).

All concur except CENTRA, J.P., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent and would reverse the order granting the application to serve a late notice of claim.  In deciding an application for leave to serve a late notice of claim, Supreme Court is to consider the factors set forth in General Municipal Law § 50-e (5), but those factors are "nonexhaustive" and the decision whether to grant the application "compels consideration of all relevant facts and circumstances" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539).  The "key factors for the court to consider . . . are whether the claimant has demonstrated a reasonable excuse for the delay, whether [respondent] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice [respondent] in maintaining a defense on the merits" (*Le Mieux v Alden High School*, 1 AD3d 995, 996).

Here, the only factor weighing in favor of granting the application is that claimant demonstrated a reasonable excuse for her delay in serving a notice of claim.  Although claimant reported the abuse to her parents and the police, her parents decided not to commence a civil action on her behalf.  On her 18th birthday, claimant retained the attorney who brought this application.  While the delay of service was not solely caused by the infancy "since there was no indication that [claimant] lacked the capacity to complain and make the abuse known" (*Matter of Doe v Goshen Cent. School Dist.*, 13 AD3d 526, 526-527), I agree with the majority that her excuse for the delay is reasonable (*see generally Williams*, 6 NY3d at 538).  In my view, however, the remaining factors weigh heavily against granting the application.  Claimant failed to establish that respondent had timely actual notice of the claim, a factor on which courts place great emphasis (*see Williams*, 6 NY3d at 535; *Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1304-1305, *lv denied* 2 NY3d 704; *Matter of Riordan v East Rochester Schools*, 291 AD2d 922, 923, *lv denied* 98 NY2d 603).  Although respondent was aware that its teacher-employee abused several students, there is no evidence to suggest that it ever knew that claimant was one of the victims until almost a decade after the alleged abuse occurred (*see Doe*, 13 AD3d at 527; *cf. Matter of Trotman v Rochester City School Dist.*, 67 AD3d 1484; *Joyce*

*P. v City of Buffalo*, 49 AD3d 1268).  I further agree with respondent that claimant's almost decade-long delay in seeking leave to serve a late notice of claim substantially prejudices its ability to investigate the alleged abuse and prepare a defense with respect to claimant (*see Matter of Friend v Town of W. Seneca*, 71 AD3d 1406).

Entered:  October 7, 2011                        Patricia L. Morgan
                                                 Clerk of the Court